NIELS S. CHRISTOFFERSEN, Respondent, v. GEORGE W. CRAGHEAD, Appellant.

#### No. 1373.   (73 Pac. 639.)

Costs: Transfer of Interest by Plaintiff: Purchase from Grantee by Defendant.

Under Revised Statutes 1898, section 2920, providing that in case of any transfer of interest other than by the death or disability of a party the action may be continued in the name of the original party, the action having been continued, as it properly might be, in the name of the original plaintiff, after he deeded the land in controversy, costs may be awarded against defendant, though, after the issue is found against him, he purchases the land from plaintiff's grantee.

(Decided September 18, 1903.)

Appeal from the First District Court, Box Elder County.—*Hon. C. H. Hart,* Judge.

The opinion states the facts. From a judgment taxing the costs against the defendant, he appealed.

AFFIRMED.

*B. H. Jones, Esq.,* and *James S. Perry, Esq.,* for appellant.

*Nels Jensen, Esq.,* for respondent.

STEWART, District Judge.—This cause was tried before a jury, as advisory to the court, May 25, 1901, and the court thereupon decreed plaintiff to be the owner of certain lands and water rights, and perpetually enjoined defendant from interfering therewith, and further awarded plaintiff his costs. Appellant contends that the trial court erred in denying defendant's motion

to retax costs, to strike out plaintiff's cost bill, and in entering judgment against defendant for said costs. The answer was filed February 15, 1901. Plaintiff, on the 28th day of May, 1901, transferred the premises in question by warranty deed to one James Knudsen, which deed was recorded February 3, 1902. Defendant first had notice of the existence of said deed of transfer February 1, 1902, and on said last-named date purchased said premises under warranty deed from said James Knudsen. It appears from the record that the issues had been determined and the costs had accrued before plaintiff's grantee had transferred the property to defendant. The action was continued without objection, so far as the record shows, in the name of the original party. No order of substitution was made. Section 2920 of the Revised Statutes of 1898 provides that: "In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest. In the case of any other transfer of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding." We are of the opinion that the cause was properly continued in the name of the original plaintiff under said section. The mere fact that the defendant purchased the premises from plaintiff's grantee after the issue had been found against defendant would not relieve him from payment of costs. The costs were properly taxed against the defendant.

We find no error in the record. The judgment is affirmed, with costs to respondent.

BASKIN, C. J., and BARTCH, J., concur.