CAMILLE B. JOHNSTON, as Administratrix of the Estate of WILLIAM G. JOHNSTON, Deceased, Respondent, *v.* SYRACUSE LIGHTING COMPANY, Appellant.

MASTER AND SERVANT — DUTY OF SERVANT TO EXERCISE CAUTION IN DANGEROUS PLACE. A lineman, who goes upon the cross-arm of a pole for the purpose of making repairs, must inspect such cross-arm and see that it is strong and sound enough to hold him before placing his weight upon it, particularly in a place of known danger. Failure so to do is contributory negligence. (Following *Flood* v. *W. U. Tel. Co.*, 131 N. Y. 603.)

*Johnston* v. *Syracuse Lighting Co.*, 122 App. Div. 895, reversed.

(Argued December 3, 1908; decided December 18, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 19, 1907, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George H. Bond* for appellant. The plaintiff failed to maintain the burden of proof imposed upon him to show affirmatively

that plaintiff's intestate was free from negligence contributing to the injuries complained of, and it appears affirmatively that he was guilty of such negligence. (*Cahill* v. *Hilton*, 106 N. Y. 512; *White* v. *Sharp*, 27 Hun, 94; 97 N. Y. 640; *Filer* v. *N. Y. C. R. R. Co.*, 49 N. Y. 47; 5 Thomp. on Neg. § 5372; *Palmer* v. *P. R. R. Co.*, 111 N. Y. 489; *Cummins* v. *City of Syracuse*, 100 N. Y. 637; *Finnell* v. *D., L. & W. R. R. Co.*, 129 N. Y. 669; *Keeler* v. *N. Y. C. & H. R. R. R. Co.*, 114 App. Div. 807; *Flood* v. *W. U. T. Co.*, 131 N. Y. 603; *Cordell* v. *N. Y. C. R. R. Co.*, 75 N. Y. 330; *Bond* v. *Smith*, 113 N. Y. 378; *Chisholm* v. *N. E. Tel. & Tel. Co.*, 176 Mass. 125.)    The risk was clearly obvious and one which the plaintiff assumed. (*Flood* v. *W. U. T. Co.*, 131 N. Y. 603; *Renninger* v. *N. Y., etc., R. Co.*, 11 App. Div. 565; *Davis* v. *Western Ry. Co.*, 107 Ala. 626; *Junior* v. *El. L. Co.*, 127 Mo. 79; *May* v. *El. L. Co.*, 68 Mo. App. 387; *McIsaac* v. *El. Co.*, 172 Mass. 89; *Cahill* v. *Hilton*, 106 N. Y. 512; *Leary* v. *B. & A. R. Co.*, 139 Mass. 580; *Goodnow* v. *W. E. Mills*, 146 Mass. 261; *Dixon* v. *W. U. T. Co.*, 68 Fed. Rep. 630.)    The court erred in refusing to charge the jury, as requested, "that it was Johnston's duty to inspect the crossarm, and see that it was sound and strong enough to hold him before he placed his weight thereon." (*Flood* v. *W. U. T. Co.*, 131 N. Y. 603.)

*S. F. Hancock* and *Theodore E. Hancock* for respondent. The question of the assumed risk was for the jury.    The court charged correctly with reference to assumed risk, both under the statute and the authorities in that regard. (*Dowd* v. *N. Y., O. & W. Ry. Co.*, 170 N. Y. 459; L. 1892, ch. 600, § 2; *Di Stefeno* v. *P. L. & R. Co.*, 107 App. Div. 294; *Reilly* v. *T. B. Co.*, 184 N. Y. 399; *Cadigan* v. *G. F. G. & E. L. Co.*, 112 App. Div. 751; *Freemont* v. *B. & M. R. R. Co.*, 111 App. Div. 831; *Pantzar* v. *T. F. I. M. Co.*, 99 N. Y. 369; *Abel* v. *D. & H. C. Co.*, 128 N. Y. 662; *Ford* v, *L. S. & M. S. R. R. Co.*, 124 N. Y. 493.)

GRAY, J.    The plaintiff's intestate was killed by falling from the cross-arm of an electric light pole; which had broken under his weight while engaged in adjusting a wire. His administratrix brought this action to recover damages of the defendant; charging it with negligence, in the respect that the cross-arm was defective and not of sufficient strength for the use intended. She recovered a verdict and, upon appeal to the Appellate Division, the judgment entered upon the verdict was affirmed. The defendant appeals to this court, alleging several errors upon the trial; one of which, in my opinion, is fatal to the judgment.

It appears that the deceased was employed by the defendant as one of its linemen; whose duties, in case of any trouble with, or imperfection in, the defendant's lines, comprehended the repairing of the same. Upon the day in question, he was ordered to proceed to a point, where a crossing of wires, or a "cross-up", as it was termed, had been reported. After he had cleared the wires upon the pole, where this had occurred, he observed the same trouble with some lines upon another pole, standing close to the one upon which he was working. He proceeded from the one pole to the other, in order to remedy the difficulty, and sat upon the cross-arm at a point half way or more from the pole. As he was about adjusting a wire to a pin at the end of the cross-arm, it broke and he was precipitated to the ground. Examination revealed the presence of a knot running through the cross-arm and, also, a "weather check", or crack, in it, caused by the expansion and contraction of the wood. Both knot-hole and crack were visible. There was no other evidence of the acts of the deceased than in the testimony of witnesses, who related what they saw him do in finishing the work upon the first pole and in, then, proceeding to the neighboring pole.

In its defense, the defendant showed how its cross-arms were procured and the system of inspection, which they were, usually, subjected to before being put in use. In submitting the case to the jury, the trial judge left it to the jurors to pass upon the question of the defendant's negligence, with

respect to furnishing this cross-arm, and he instructed them that they were to determine whether the deceased had "exercised reasonable care in going out on the end of the cross-arm." Thereupon, when the charge was finished, the defendant's counsel requested the trial judge "to charge the jury that it was Johnston's, (the deceased's), duty to inspect the cross-arm and see that it was strong and sound enough to hold him before he placed his weight thereon, particularly in a place of known danger." The court ruled, in answer to the request, that the jurors were to say from the evidence whether that was his duty; to which ruling an exception was taken. This was such an error as to require a reversal of the judgment and that a new trial should be had. Upon the authority of the decision of *Flood* v. *Western Union Telegraph Co.*, (131 N. Y. 603), we must hold that the defendant was entitled to have the jurors instructed as requested. The duty of the defendant towards its employés was to provide them with a reasonably safe place for the performance of the work required of them; but it was not an insurer of their safety. The duty rested upon its linemen to use some judgment in their dangerous occupation. The necessities of their work upon the poles, when performed at so great a distance from the ground and dependent, as it was, upon the original, or continued, soundness of the wooden arm, demanded, upon their part, the exercise of the duty of inspection. While, presumably, the cross-arms furnished are fitted to bear the weight of the workman, perfection is not to be expected in any human system of safeguards, or of inspection, and he is not exempted from the duty of being vigilant for his own protection. In this case, the deceased was working in the day-time and it may be inferred, from all the evidence, that he might have observed the knot-hole and the weather crack and have regulated his action accordingly. The defendant was entitled to have the jurors instructed as to what the rules of law required of both plaintiff and defendant, in their relations. If they believed that the defendant had not discharged the full measure of its duty, as the employer, they were to

consider whether the deceased had acted with that reasonable caution, under the circumstances, which was due from him.

In *Flood* v. *W. U. Tel. Co.*, (*supra*), the facts were quite similar to those in the present case ; except that, there, it did not appear from the evidence that the company had been negligent in furnishing the cross-arm. The deceased, in that case, was one of the defendant's linemen and came to his death through the breaking of the cross-arm. The judgment, which the plaintiff had recovered, was reversed and a new trial was ordered ; this court holding that linemen "are expected to see the condition of the arms and, if they find them insufficient, to replace them, or to report the fact", and that "it is the obvious duty of every lineman before going upon one of these arms, many feet above the earth, to inspect it for his own safety." The error committed upon this trial was in submitting to the jury, as a question of fact, whether it was the duty of the deceased to inspect the cross-arm ; when that duty was imposed by the law as one, the performance of which is, naturally, to be expected.

For these reasons, the judgment and order appealed from should be reversed and a new trial should be had, with costs to abide the event.

CULLEN, Ch. J., HAIGHT, VANN, WILLARD BARTLETT and CHASE, JJ., concur ; EDWARD T. BARTLETT, J., takes no part.

Judgment and order reversed, etc.