### RAAB v. HUDSON RIVER TELEPHONE CO.

(Supreme Court, Appellate Division, Second Department. June 29, 1910.)

1. MASTER AND SERVANT (§ 289*)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

Where a lineman employed by a telephone company climbed up a pole to place a sling and tackle, under the direction of the company's superintendent, without discovering a bracket on the opposite side of the pole and without knowing of the existence of a high-voltage wire, and without any warning of the existence thereof, his act in descending on the opposite side, the side he ascended being incumbered with ropes and tackle, was not negligence as a matter of law, though he did not look to see where he placed his hand in descending and came in contact with the wire causing injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1113, 1119; Dec. Dig. § 289.*]

2. MASTER AND SERVANT (§ 124*)—SAFE PLACE TO WORK—DUTY OF MASTER.

A telephone company permitting the maintenance on its poles of the wires of an electric lighting corporation assumes towards its employé the duty of inspection to see that the place afforded for him to perform his labor is reasonably safe, and that there are no hidden dangers.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 235–242; Dec. Dig. § 124.*]

3. MASTER AND SERVANT (§ 248*)—INJURY TO SERVANT—INJURY AVOIDABLE NOTWITHSTANDING CONTRIBUTORY NEGLIGENCE.

Where a telephone company failed in its duty to inspect its poles, it could not assert that an employé who was injured while working on a pole was negligent in not discovering a defect.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 801–804; Dec. Dig. § 248.*]

4. MASTER AND SERVANT (§ 235*)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

A lineman of a telephone company must use reasonable care to avoid open and obvious dangers, or those necessarily incident to his employment after the company has discharged its duty in respect thereto, but he need not make an investigation to learn whether the company has

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

permitted another corporation to use its poles to carry a dangerous current, or to anticipate that wires on the poles are maintained in a dangerous manner.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 710–722; Dec. Dig. § 235.*]

Appeal from Trial Term, Orange County.

Action by Charles E. Raab against the Hudson River Telephone Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, BURR, THOMAS, and CARR, JJ.

Murray Downs, for appellant.
R. H. Barnett, for respondent.

WOODWARD, J. The plaintiff was a lineman in the employ of the defendant, and on the 30th day of July, 1908, was severely injured while in the performance of his duties. The defendant was engaged in erecting a new pole for its business purposes, and it became necessary for the plaintiff, under the direction of the foreman or superintendent of the defendant, to ascend a pole erected and maintained by the defendant in the immediate locality for the purpose of fastening a sling and tackle blocks. The plaintiff climbed up the west side of the pole, which was about 18 inches through, and above a bracket which was on the east side of the same, and fastened the sling as directed. In doing this the rope and tackle hung down the west side of the pole, and the plaintiff swung around to the east side to avoid these in his descent. While engaged in climbing down the pole on the east side, his hand came in contact with a high-voltage wire upon the bracket, and as a result of the shock he fell to the pavement some 25 or 30 feet below, sustaining the injuries for which he has recovered in this action. The defendant appeals.

It is urged that the plaintiff was guilty of contributory negligence as a matter of law because he did not inspect the wires, and the case of Johnston v. Syracuse Lighting Company, 193 N. Y. 592, 86 N. E. 539, 127 Am. St. Rep. 988, is relied upon, but we are of the opinion that that case is entirely different from the case here under consideration. There it was held that the court erred in refusing to charge the request of counsel for the defendant that it was the duty of the plaintiff to inspect the cross-arm and see that it was strong and sound enough to hold him before he placed his weight thereon, particularly in a place of known danger. In that case the plaintiff stepped out upon the end of a cross-arm at a considerable height, and it broke, owing to a knot and a weather check which were plainly visible. The court pointed out that, while it was the duty of the master to use reasonable care in providing a reasonably safe place for the plaintiff to work, the master was not an insurer; that the duty rested upon the linemen to use some judgment in their dangerous occupation, and this is obviously good law. But no such question was presented in this case. The evidence showed that the plaintiff had no knowledge of

the presence of this high-voltage wire, that he did not discover the bracket on his way up, and that he had no reason for anticipating that there was a high-voltage wire maintained upon this pole.    He was sent up on the west side of the pole, with no warning from the foreman, or from any one, that there were any high-voltage wires there. He had no dangers to anticipate except those which were open and obvious to him, and his act in going around to the west side of the pole to descend when the east side was incumbered with the ropes and tackle shows that he was using some degree of care to avoid danger, and his statement in the evidence that he did not look to see where he was placing his hand in going down did not show that he was negligent, for he had a right to assume that the master had discharged his duty of providing a reasonably safe place for him to do his work, and that he had performed the further duty of using reasonable care to maintain it in such safe condition.    If the plaintiff had been warned that there was a high-voltage wire upon the pole—if it had been called to his attention in any way—it might be urged with much of force that his neglect to look out for such wire, and to use some care to see that it was safe was such as to prevent him from recovering in this action, but such was not the case, under the evidence, and he was not bound to be looking out for dangers which were unknown to him.

The defendant in permitting the wires of an electric lighting corporation to be maintained upon its poles assumed toward the plaintiff the same duty that it would if it had itself maintained such high-voltage wires.    It owed the duty of inspection to see that the place afforded for the plaintiff to perform his labor was reasonably safe, at least that there were no hidden dangers.    It owed him the duty of notice of the dangerous character of the high-voltage wires before he owed the duty of care in inspecting them for defective insulation, and, having failed in this regard, the defendant is not in a position to maintain either that it is free from negligence or that the plaintiff was guilty of contributory negligence in failing to make an inspection.    He was called upon to use reasonable care to avoid those dangers which were open and obvious, or which were necessarily incident to his employment after the master had discharged his duty in respect thereto, but he was not bound to make a careful investigation to learn whether the defendant had permitted other corporations to use its poles to carry a dangerous current, or to anticipate that the wires upon these poles would be maintained in a dangerous manner.

We are not prepared to hold that the damages, assessed at $3,000, are so far excessive as to warrant the reversal of the judgment.

The judgment and order appealed from should be affirmed, with costs.    All concur.