DELIA LARKIN, as Administratrix of the Estate of MICHAEL LARKIN, Deceased, Appellant, *v.* NEW YORK TELEPHONE COMPANY et al., Respondents.

Negligence — contributory negligence in disregard of general and unenforced rules — death of employee of telephone company caused by shock of electricity — Appellate Division — when duty of to examine facts.

1. The Appellate Division should now examine the facts in all cases (Code Civ. Pro. § 1338), and if not satisfied therewith so specify in its judgment or order, otherwise this court will on reversal neither grant a new trial nor remit the case to the Appellate Division to examine the facts.

2. Disregard of general rules requiring the employee to exercise constant and extraordinary care in all situations where an element of danger is or may be present is not contributory negligence as matter of law where the rule is inapplicable and unenforced as to a given situation.

3. Plaintiff's intestate was a cable splicer employed by the defendant telephone company. His death was due to an electric shock sustained by him in the course of his employment. Defendant claims, among other things, that intestate's death was due to his own carelessness in handling the telephone wires with his bare hands. Plaintiff had a verdict which the Appellate Division reversed; no question of fact being specified in the order implies that it had examined the facts and is satisfied therewith but finds on the law that the deceased was guilty of contributory negligence. *Held*, that the jury might have found as a fact that nothing was done by the employer to enforce compliance with a rule which required rubber gloves to be used whenever telephone circuits were being repaired, and there is evidence tending to show that the rule was not understood to apply to such work as plaintiff's intestate was doing, and that it would have been difficult if not impossible for him to do this work with gloves. Hence, questions of negligence and contributory negligence were presented for the jury and not for the court. (*Cameron* v. *N. Y. C. & H. R. R. R. Co.*, 145 N. Y. 400, distinguished.)

*Larkin* v. *N. Y. Telephone Co.*, 169 App. Div. 162, reversed.

(Argued December 12, 1916; decided January 9, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered July 30, 1915, reversing a judgment in favor of plaintiff entered upon a verdict and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John M. Ward* for appellant. The defendant Queensborough Gas and Electric Company was grossly negligent. (*Braun* v. *Buffalo G. E. Co.*, 200 N. Y. 484; *Paine* v. *El. Ill. Co.*, 64 App. Div. 477; *Wagner* v. *B. H. R. R. Co.*, 69 App. Div. 349; 174 N. Y. 520; *Horning* v. *H. R. Tel. Co.*, 111 App. Div. 122; 186 N. Y. 552; *Morhard* v. *Richmond L. & R. R. Co.*, 111 App. Div. 353; *Webster* v. *Richmond L. & R. R. Co.*, 158 App. Div. 210; *Harroun* v. *Brush El. L. Co.*, 12 App. Div. 126.) Any question as to contributory negligence of the deceased was for the jury. (*Dutcher* v. *El. Co.*, 123 App. Div. 765; *Doing* v. *R. R. Co.*, 151 N. Y. 579; *Coppins* v. *R. R. Co.*, 122 N. Y. 557; *Hayes*

v. *B. & D. Co.*, 41 Hun, 407; *Magee* v. *N. Y. Tel. Co.*, 213 N. Y. 232; *Morrison* v. *R. R. Co.*, 63 N. Y. 613; *Shaw* v. *Jewett*, 83 N. Y. 617; *Hart* v. *Bridge Co.*, 80 N. Y. 622; *G. T. Ry. Co.* v. *Ives*, 144 U. S. 408.)

*Alexander Cameron* and *Charles T. Russell* for New York Telephone Company, respondent. Plaintiff failed to establish any negligence on the part of the defendant telephone company. (*Citrone* v. *O'Rourke Eng. Const. Co.*, 188 N. Y. 339; *Henry Case*, 201 N. Y. 140.) The plaintiff's intestate was guilty of contributory negligence as matter of law. (Thompson on Negligence [4th ed.], 4624; *Watson* v. *Duncan*, 62 N. Y. Supp. 257; *Kern* v. *Welz & Zerweck*, 151 App. Div. 432; *People's Telephone Co.* v. *Conant*, 198 Fed. Rep. 624.)

*John C. Robinson* for Queensborough Gas and Electric Company, respondent. Plaintiff wholly failed to establish any negligence on the part of the defendant electric light company. (*Huscher* v. *N. Y. & Q. E. L. & P. Co.*, 165 App. Div. 241; 158 App. Div. 422; *Estabrook* v. *Newburgh L., H. & P. Co.*, 141 App. Div. 683; *Moscato* v. *Prince Line, Ltd.*, 164 App. Div. 412; *Geer* v. *N. Y. & Penn. Tel. & Tel. Co.*, 144 App. Div. 874; *Broudy* v. *Detroit, etc., Ry. Co.*, 151 N. W. Rep. 575; *Leeds* v. *N. Y. Tel. Co.*, 178 N. Y. 118; *Hall* v. *N. Y. Tel. Co.*, 214 N. Y. 49; *Magee* v. *N. Y. Tel. Co.*, 213 N. Y. 232; *Heskell* v. *A. L., H. & P. Co.*, 209 N. Y. 86; *Flinn* v. *W. D. M. Assn.*, 64 App. Div. 490.) Plaintiff's own proofs conclusively establish that the death of her intestate was brought about by his own contributory negligence, which precludes her right to recover. (*Johnson* v. *Syracuse Lighting Co.*, 193 N. Y. 592; *Geer* v. *N. Y. & Penn. Tel. & Tel. Co.*, 144 App. Div. 874; *La Duke* v. *Hudson River Tel. Co.*, 124 App. Div. 106; *Piedmont Elec. Ill. Co.* v. *Patterson*, 84 Va. 747; *Junior* v. *Missouri Elec. Light & Power Co.*, 5 Am. Electr. Cas. 369; *Griffin* v. *N. Y. Tel. Co.*, 141 App. Div. 1; *Holm* v. *Empire Hard-*

*ware Co.*, 137 App. Div. 96; *McNamee* v. *W. U. Tel. Co.*, 140 App. Div. 874; 160 App. Div. 785.)

Pound, J. This is an action to enforce the common-law liability of defendants for negligence. Plaintiff's intestate was a cable splicer employed by the defendant telephone company. His death was due to an electric shock sustained by him in the course of his employment while he was working on a pole and was about to splice some burned out wires in a cable tap which ran from the main telephone cable down to a terminal box on the pole. The pole was used jointly by the defendants to carry both telephone and electric light wires, the electric light wires above and the telephone wires below. The negligence complained of, broadly speaking, is as follows: The electric light company is alleged to have created a dangerous condition by permitting improperly insulated wires carrying 2,300 volts of electricity to remain in proximity to the telephone wires so that a contact between them was probable through sagging or breaking of wires. The result of a cross would be the discharge of a deadly current into the telephone wires from which an accident to any one working on the telephone wires might reasonably be foreseen. (*Braun* v. *Buffalo G. E. Co.*, 200 N. Y. 484.) The telephone company is alleged to have sent deceased to work in a place which had, to its knowledge, for two days before the accident, been unsafe from such conditions. The defendants contend that it was the duty of plaintiff's intestate to repair the dangerous condition; that the work in which he was engaged necessarily brought him into an unsafe place; that it would be absurd to apply to these conditions the rule requiring the master to provide a safe place (*Mullin* v. *Genesee Co. Electric L., P. & G. Co.*, 202 N. Y. 275); that the rules of the company require each employee, at his own expense, to provide himself with rubber gloves, to exercise constant and

extraordinary care in all situations where a condition of danger is or *may be* present, as when working in the vicinity of high potential conductors, particularly light or power wires, and *where dangerous conditions* exist, particularly in cases where repairs are being made to telephone circuits that are in trouble, to use such rubber gloves; and that Larkin's death was due to his own carelessness in handling the telephone wires with his bare hands.

Two trials of the action have been had, each resulting in a verdict for the plaintiff. On the first appeal the Appellate Division reversed, holding that the deceased was guilty of deliberate disobedience and disregard of rules promulgated for his safety in doing work essentially dangerous in its character. On the second trial proof was adduced that it was the duty and custom of the telephone company to send a trouble hunter to locate the trouble, make tests and remove danger and thus to make the place safe for the cable splicer, and that it was negligent in this regard. The Appellate Division examined the facts sufficiently to hold that such proof presented a question for the jury as to whether the telephone company had adopted an unsafe and negligent method of having the work done (*Greif* v. *Buffalo, L. & R. Ry. Co.,* 205 N. Y. 239, 250), but it did not determine whether the proof was sufficient to uphold the verdict, because it still held that Larkin had violated a rule of the company and that plaintiff could not recover because he was not wearing rubber gloves at the time of the accident. The Appellate Division should now examine the facts in all cases. (Code Civ. Pro. § 1338.) Judgment was reversed and a new trial granted, but no question of fact was specified in the order as being that upon which the reversal was held and it must now be conclusively presumed that the reversal was upon the law. Broadly stated, the reversal is based upon this proposition,— the employer must exercise due care to make the place safe and obviate all risks, except those inherent to the nature

of the work (*Smith* v. *Baker & Sons*, [1891] A. C. 325, 362); but he may, if negligent in that regard, escape liability as matter of law if he has promulgated general rules requiring the employee to exercise "constant and extraordinary care in all situations where an element of danger is or *may be* present," and particularly to use rubber gloves *at all times* when making repairs to telephone circuits, and the employee disregards the rule. If it can be said that the inference of negligence on the part of the employee under such circumstances is so plain that all fair-minded men would be compelled to that conclusion upon a consideration of the facts, the disposition of the case by the court below was correct. We think that the contributory negligence of Larkin was not so evident that it became a question of law. This is not a question of assumption of risk, but of negligence merely. (*Schlemmer* v. *Buffalo, R. & P. Ry. Co.*, 220 U. S. 590, 595, 596.) Assumption of risk puts the employee on an equality with the employer (*Texas & Pac. Ry. Co.* v. *Howell*, 224 U. S. 577, 582), and at common law requires a ruling in favor of the latter. Where it is a matter of using due skill and care to make the place safe, the employee is not on an equality with the employer and the duty of the master to exercise reasonable care for the safety of the employee is not discharged by a general and indefinite warning that dangerous conditions may arise and nothing more, if the employer's negligence causes the dangerous conditions. Ordinary prudence remains the test of reasonable care and all the burden cannot be placed upon the employee by general rules requiring him to look out for himself, when, as the jury might have found was the fact in this case, nothing was done by the employer to enforce compliance with the rule which required rubber gloves to be used *whenever* telephone circuits were being repaired (*Whittaker* v. *D. & H. Canal Co.*, 126 N. Y. 544, 549), and there is evidence tending to show that the rule was not understood to apply to such work as plaintiff's

intestate was doing, and that it would have been difficult if not impossible for him to do this work with gloves.

*Cameron* v. *N. Y. C. & H. R. R. R. Co.* (145 N. Y. 400) holds that the failure to discharge a servant for habitual violation of a rule is not negligence on the part of an employer, charging him with responsibility for an acci, dent to a co-employee, due to such violation, unless the employer had actual or constructive knowledge of such disobedience. In this case the telephone company knew whether or not it was enforcing its rules and it was not necessary to bring home to it knowledge of Larkin's disregard of the rule.

The law governing disobedience to rules of conduct in situations inherently dangerous (*Flood* v. *Western Union Tel. Co.*, 131 N. Y. 603; *Johnston* v. *Syracuse Lighting Co.*, 193 N. Y. 592) does not control situations made dangerous by the employer's negligence. Rules that have to do with the co-ordinated movements of many also stand in a different category. Absolute obedience to orders insisted upon by public carriers, for example, may be indispensable to the safety of life and the protection of property (*Louisville & I. R. R. Co.* v. *Kraft*, 156 Ky. 66), but the hazards of disobedience are there due to the nature of the work and not to the place of work. Nor do we hold that the employer may not discharge his duty to exercise due care by making and enforcing a specific rule for doing specified work, such as that of the cable splicers, in proper cases.

In this case questions of negligence and contributory negligence were presented requiring careful consideration by the triers of fact. It cannot be said as matter of law that no recovery can be had upon any view which can properly be taken of the facts which the evidence tends to establish. The questions were for the jury and not for the court. (*Gardner* v. *Mich. Cent. R. R. Co.*, 150 U. S. 349, 361.)

The reversal upon the law implies that the Appellate Division has examined the facts, and is satisfied there-

3

with, but finds that on the law the deceased was guilty of contributory negligence. This court should neither grant a new trial nor remit the case to the Appellate Division. (*Middleton* v. *Whitridge*, 213 N. Y. 499, 514.) It follows that the order appealed from should be reversed and the judgment of the trial court affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., CHASE, COLLIN, HOGAN and CARDOZO, JJ., concur; CUDDEBACK, J., dissents.

Order reversed, etc.