EMMA BISHOP, as Administratrix, etc., of ARTHUR BISHOP, Deceased, Respondent, *v.* THE KINGSTON GAS AND ELECTRIC COMPANY, Appellant.

Second Department, January 19, 1917.

Electricity — negligence — death of employee while renewing street arc light — contact between dead wire and live wire carrying high voltage current — failure of defendant to secure insulators properly or provide guards — when contributory negligence for jury — failure to use rubber gloves and turn off switch.

Action under the Employers' Liability Act against an electric lighting company to recover damages for the death of an employee who was killed by an electric current while engaged in cleaning the globes on arc lights in a city street and in replacing carbons therein. It appeared that the defendant maintained, strung on the same crossarms with the lighting wires from which the current was shut off in the day time when the plaintiff was at work, other primary wires carrying a high voltage used for power purposes during working hours, and that owing to the fact that one of the crossarms was much lower than that upon an adjoining pole there was an upward strain on the wires which caused the insulator and its attachment to break from the crossarm so that the high tension wire came in contact with the lighting wire, thus causing the decedent's death. It further appeared that there was no guard to keep the lighting wires from contact with the primary wire, and that the pin which held the insulator was secured to the crossarm merely by an ordinary nail instead of by galvanized nails, which latter method was the approved usage.

*Held*, that a verdict for the plaintiff was not against the weight of evidence and the judgment should be affirmed.

*Held, further*, that the failure of a decedent to use a stepladder when renewing the lamp and his omission to use rubber gloves furnished by his master and his failure to turn off the switch above the lamp did not make him guilty of contributory negligence as a matter of law, and that these questions were for the jury.

APPEAL by the defendant, The Kingston Gas and Electric Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Ulster on the 26th day of November, 1915, upon the verdict of a jury for $15,000, reduced by stipulation to $11,000.

The appeal is taken from said judgment as corrected by an order entered in the office of the clerk of the county of Ulster on the 14th day of March, 1916. Defendant also appeals from an order entered in said clerk's office on or about the 26th day of October, 1915, denying defendant's motion for a new trial made upon the minutes. The Appellate Division of the Third Department transferred the appeal to this department under section 231 of the Code of Civil Procedure, because two of their justices had been disqualified. (See 174 App. Div. 935.)

Plaintiff's intestate, Arthur Bishop, a lamp trimmer, was employed to lower large suspended arc lamps, wipe off the glass globes and renew the carbon pencils. He had no duty to inspect the wires or to test them for the presence of electric currents. About ten A. M. of May 21, 1908, Bishop had gone to trim such a lamp, hung in Grand street, Kingston, a little south of the railroad crossing. Bishop had been provided with rubber gloves and a stepladder. His wagon had been driven under this lamp, which he first lowered by a rope. The night had been rainy and the wagon was wet, having an iron rail. Standing with one foot on the bottom of the wagon and the other on a spoke in the rear wheel, he was seen to reach upwards towards a wooden switch handle at the top of this globe light. He suddenly fell backwards; when picked up he was dead. A burn was seen on his right hand. There was no autopsy. Defendant had maintained, strung on the same crossarms, lighting wires (the current of which was shut off by day) and primary wires with 2,300 voltage for power purposes during working hours. The two primary wires are ranged inside, next to the pole, with each lighting wire about fourteen inches outside the primary wire. Following back these wires after this casualty, a crossed wire was located about six or seven blocks off, at the northwest corner of Elmendorf street and Ten Broeck avenue. This crossarm was about fifteen feet lower than the next crossarm at the northeast corner of these

streets. The wires had this dip to run beneath the spreading limbs of the maple shade trees on this part of Ten Broeck avenue. This angle gave the wires an upward lifting strain at this crossarm. The lighting wire was found at this time to have been lifted off with its glass insulator and the attached wooden pin, so as to be entirely out of the hole in the crossarm. The lighting wire, thus freed of its support, had swung against and come into electric contact with the primary wire. This pin had been nailed into the crossarm by an ordinary sixpenny nail, which was then missing. There was no guard to keep such a wire clear from contact with the primary wires. This action was brought under the Employers' Liability Act.* The jury gave a $15,000 verdict. The trial justice, however, directed a new trial unless plaintiff should consent to reduce the verdict to $11,000, which was so stipulated.

*A. T. Clearwater*, for the appellant.

*Howard Chipp*, for the respondent.

PER CURIAM:

The trial court submitted to the jury the question whether Bishop's death at this arc lamp was due to electric shock, also if defendant had taken sufficient precautions in securing the wires to the crossarm at the corner of Elmendorf street and Ten Broeck avenue. The jury's finding for plaintiff was well sustained in view of the obvious risks of carrying primary and secondary electric wires thus held by wooden pins in the same crossarm without any protecting guard. This crossarm was fifteen feet lower than that across Elmendorf street, making an angular rise, which subjected the insulators on this crossarm to an upward strain. In such conditions there was a proved usage to secure the pin by nails, galvanized instead of common iron, also to protect against contact by an encircling metal loop as a guard if the pin should lift out. After this crossed wire was found they replaced the pin, but it had to be tied down to the crossarm. The finding of negligence as the

---

* See Laws of 1902, chap. 600. Since revised by Labor Law (Consol. Laws, chap. 31; Laws of 1909, chap. 36), art. 14, as amd. by Laws of 1910, chap. 352. — [REP.

proximate cause of Bishop's death cannot, therefore, be pronounced to have been against the greater weight of the evidence. (*Schoonmaker* v. *Pittsburgh Contracting Co.*, 176 App. Div. 48.) The questions of contributory negligence in not using a stepladder and the omission of rubber gloves, also in not turning off the switch above this lamp, not being so evident as to become a question of law, were for the jury. They were submitted in a charge free from exception. The jury's finding negativing such neglects on the part of deceased has support in the circumstances and accords with the rules declared in *Larkin* v. *New York Telephone Co.* (220 N. Y. 27, revg. 169 App. Div. 162, which followed *sub nom. Larkin* v. *Queensborough Gas & Electric Light Co.*, 158 id. 414). The exceptions to the court's rulings on matters of evidence present no reversible error.

The judgment and the order, so far as appealed from, are, therefore, affirmed, with costs.

Present — JENKS, P. J., THOMAS, STAPLETON, RICH and PUTNAM, JJ.

Judgment and order, so far as appealed from, unanimously affirmed, with costs.