L. H. SUMNER v. ASHEVILLE TELEPHHONE AND TELEGRAPH COMPANY AND HENDERSON POWER AND LIGHT COMPANY.

(Filed 21 February, 1917.)

1. Master and Servant—Employer and Employee—Trials—Evidence—Negligence—Nonsuit.

Where an employee of a telephone company is engaged in attaching its cables to a messenger wire, 20 feet from the ground, and the proximity of a high-power wire from another company has made it dangerous for him to work between a "span" of poles, to which he has called the attention of his foreman, who instructs him to leave that "span" and work beyond, necessitating his working around a pole of the power company which does not appear to him to be dangerous to do, and there is evidence that the foreman knew of the danger at this pole at the time: in his action against the telephone company for damages he received at the power company's pole, it is *Held*, that a judgment of nonsuit was properly disallowed, the negligence of the foreman in failing to warn the employee being that of a vice-principal of the defendant company and attributable to it.

**2. Same—Trespasser.**

> Where a telephone and power company are sued for damages by an employee of the former arising from an injury from a shock of electricity occasioned by the latter's imperfectly insulated wires, and received by the employee of the telephone company while acting under the instruction of his foreman, in attempting to get around the pole of the power company while hanging his principal's cable on a messenger wire 20 feet above the ground:  *Held,* both the telephone company and its employee were trespassers upon the pole of the power company, and the latter company being only liable for injuries willfully or wrongfully inflicted, a judgment of nonsuit upon the evidence in this case should have been rendered as to that company.

CIVIL ACTION to recover damages for alleged negligence resulting in serious physical injuries, tried before *Harding, J.,* and a jury, at June Term, 1916, of BUNCOMBE.

There was evidence on the part of plaintiff tending to show that in August, 1915, the defendant, the Telephone and Telegraph Company, was putting up a line of poles and wires on Eighth Avenue in Hendersonville, N. C., and that plaintiff, an employee of said company, was engaged in attaching the cable to the messenger wire along said defendant's poles and in close proximity to and, in places, touching the poles of its codefendant, the power company, which also had its line along said street; that in doing his work plaintiff was using safety belt and strap, the seat being about twenty feet from the ground and eighteen inches below the messenger wire, and as plaintiff would attach or clip the cable to the messenger wire he would push his seat along this wire as his work progressed; that the wires of the telephone company were not charged with electricity at the time, and when they were, did not, under ordinary conditions, carry sufficient current to cause serious injury; but the wires of the power company, which were at points very near the telephone company's wire, usually carried a current of high voltage and importing serious menace when not properly insulated; that on the day in question, while plaintiff was performing his work, he came to a "span" (the distance between two poles) where the wire of the power company had sagged so as to be threateningly near the telephone company's messenger wire, and he called the attention of his foreman or boss to this condition and was directed by him to leave that span and go to another ahead where there appeared to plaintiff to be no danger existent or threatened; that in the endeavor to carry out the order he passed around and necessarily touched a pole of the power company which was wet and had become charged with electricity of dangerous voltage by reason of a defective or leaky transformer attached to a cross-arm on the pole; that in the effort to pass around this pole and go on with his work, he received an electric shock, rendering him for a time unconscious and causing serious and painful injuries; that the foreman or

boss who gave the plaintiff the order to go to another span was aware of the defect of the transformer and of the threatening condition incident to it, but did not communicate such knowledge to plaintiff or in any way warn him of the danger, and plaintiff did not know or have opportunity to know that an injury was likely.

There was denial of liability on the part of both defendants, with evidence in support of their positions, and there were facts in evidence tending to show that the boss fully communicated to plaintiff all he knew of the transformer and the dangers incident to its condition, and that plaintiff acted throughout in full assumption of any and all risks incident to the work and to his manner of doing it.

On issues submitted, the jury rendered the following verdict:

1. Was the plaintiff injured by the negligence of the defendant, the Asheville Telephone and Telegraph Company, as alleged in the complaint?   Answer: "Yes."

2. Was the plaintiff injured by the negligence of the defendant, the Hendersonville Light and Power Company?   Answer: "Yes."

3. Did the plaintiff by his own negligence contribute to his injury, as alleged in the answer of the defendant?   Answer: "No."

4. What damages, if any, is the plaintiff entitled to recover?   Answer: "$2,000."

Judgment on the verdict, and defendants excepted and appealed.

*James & Williams* for plaintiff.
*B. J. Clay* and *A. Hall Johnston* for defendant Telephone Company.
*Merrimon, Adams & Adams* for defendant Power Company.

HOKE, J., after stating the case:  We have carefully considered the record and exceptions and find no error therein which gives the telegraph and telephone company any just ground of complaint.  The positions insisted on by the defendant were substantially recognized and approved by the court either in the general charge or in response to prayers for instructions presented by defendant, except the motion that the case be nonsuited and the prayer that the judge charge the jury that, on the evidence, if believed, no liability should attach.  But these exceptions could not be sustained in view of evidence on the part of plaintiff tending to show that the plaintiff's foreman or boss knew of the defect in the transformer and gave the plaintiff the order to proceed with his work without telling him of conditions or in any way informing him of the danger incident to the work under conditions as they actually prevailed.

Under our authorities, and on the facts in evidence as they have been accepted by the jury, this foreman or boss stood towards the plaintiff in the position of vice-principal, rendering the company responsible

for his negligent default in failing to properly warn the plaintiff of the defects in the transformer on the poles of the power company and of the dangers incident to existent conditions. *Beal v. Fibre Co.,* 154 N. C., pp. 147-155; *Chesson v. Walker and Myers,* 146 N. C., 511; *Turner v. Power Co.,* 119 N. C., 387. And there is nothing, either in the conduct of plaintiff or in his contract of employment, that, as a matter of law, operates to protect said defendant from such liability. *Mobile Electric Co. v. Sauges,* 169 Ala., 341; *Speight v. Rocky Mount Telephone Co.,* 26 Utah, 483; *Coöperant Telephone Co. v. St. Clair,* 168 Fed., 645; *Raab v. Hudson River Telephone Co.,* 123 N. Y. Supp., 1037.

In reference to the other defendant, the light and power company, we do not see that any recovery can be sustained. There is nothing to show that there was any contract or agreement which gave either the plaintiff or his employers the right to be upon the power company's poles. On the facts in evidence, and as to that company, they were both trespassers, and, on authority, there has been no breach of duty toward plaintiff which gives him any right to relief. *Heskill v. Auburn Light Co.,* 209 N. Y., 96; *Sias v. Lowell, etc., Co.,* 179 Mass., 343; *Railway Co. v. Andrews,* 89 Ga., 653; 9 R. C. L., title, "Electricity," p. 1207; Curtis on Electricity, sec. 462.

In this last citation it is said: "The well established principle in the law of negligence, that there is no liability to trespassers except for injuries willfully or wantonly inflicted, is applicable to electric companies and electric appliances. Though an electric company may have been guilty of some neglect in the case of its appointees, it is not liable for injury to one who is a trespasser as against the company unless the injury is willfully inflicted." And our decisions are in approval of the general principle. *Vassor v. R. R.,* 142 N. C., 68.

We are of opinion, therefore, that on the record the judgment against the telephone and telegraph company be affirmed, and, as against the power company, the judgment is reversed and motion for nonsuit be allowed.

Affirmed as to telephone and telegraph company.

Reversed as to power company.