BEVERLY JOHN REYNOLDS, Appellant, *v.* EAGLE PENCIL COMPANY, Respondent.

First Department, November 1, 1940.

*Philip Handelman*, for the appellant.

*Marks F. Paskes* of counsel [*Melvin Kleeblatt* with him on the brief; *Samuel Blumberg*, attorney], for the respondent.

UNTERMYER, J. During July, 1938, a strike was in progress at the defendant's factory. During the afternoon of July eighth the plaintiff, an employee of the defendant, together with another employee, was assaulted by a group of pickets and strikers. On the evening of that day, at the police station, the plaintiff was able to identify by name one of those who had committed the assault but was able to furnish a general description only of another, who subsequently was identified as Charles Flashner. From that description, one of the detectives testified that he " had an idea " of his identity, but that the police were not able to locate him before July thirteenth.

On the morning of July 13, 1938, the defendant published an advertisement in certain New York city newspapers offering a reward of $250. " for information leading to the arrest and conviction of any person or persons responsible " for the assault. The plaintiff testified without contradiction that this advertisement came to his attention on the morning of publication. On the same afternoon, looking out of the window of the defendant's building where he was at work, he recognized on the picket line the individual by whom he had been assaulted on July eighth, but whose name he did not know. He thereupon communicated with one of the detectives, who suggested that the plaintiff identify Flashner on the picket line and direct the arrest to be made. This was done and Flashner was subsequently convicted on the plaintiff's evidence.

The defendant contends that the offer of a reward, though general in its terms, was not addressed to the plaintiff, the victim of the assault, any more than it was addressed to the assailant himself. But we think that the distinction is self-evident and that such an offer was not intended to exclude the person who was in the best position to furnish information concerning the perpetrator of the crime and who in no sense had participated in its commission. If the plaintiff, intending to accept the defendant's offer of a reward, took action which he was under no legal obligation to take, by causing the arrest of the perpetrator of the crime, then unless other circumstances prevent, he should not be denied a recovery because he may also have been animated by a

desire to cause his assailant to be punished. To hold otherwise would disqualify all those whose desire to earn a reward is mingled with a desire to enforce the law.

The defendant also insists that the plaintiff may not recover because he had described his assailant to the police before the reward was offered. If the information given at that time had led to Flashner's arrest, then the plaintiff would not be entitled to recover. (*Fitch* v. *Snedaker*, 38 N. Y. 248; *Howland* v. *Lounds*, 51 id. 604.) The evidence, however, establishes quite conclusively that the arrest did not result from the information furnished by the plaintiff on July eighth but resulted directly and exclusively from the plaintiff's identification of Flashner on the picket line. We cannot fail to know that law-enforcing agencies are frequently in possession of a most complete description of the offender and may even be aware of his identify without the ability to apprehend him for the purpose of making an arrest. From the detective's testimony, that appears to have been the fact here. It was the act of the plaintiff in identifying Flashner on July thirteenth and in communicating the information to the police with the intention of earning the reward that caused his arrest and conviction rather than the description previously given, from which the police had been unable to locate Flashner during an intervening period of five days.

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed and judgment directed in favor of the plaintiff for the relief demanded in the complaint, with costs to the plaintiff in all courts.

MARTIN, P. J., O'MALLEY and DORE, JJ., concur; CALLAHAN, J., dissents.

Determination of the Appellate Term and judgment of the Municipal Court reversed and judgment directed in favor of the plaintiff for the relief demanded in the complaint, with costs to the plaintiff in all courts.