BEVERLY J. REYNOLDS, Respondent, *v.* EAGLE PENCIL COMPANY, Appellant.

Argued April 10, 1941; decided May 29, 1941.

*David N. Aberman, Melvin Kleeblatt* and *Samuel Blumberg* for appellant.

*Philip Handelman* for respondent.

LEWIS, J. The plaintiff demands judgment for the amount of a reward offered by the defendant for information leading to the arrest and conviction of any person responsible for an assault committed upon the plaintiff himself and upon another person named in the offer. The defendant, by its answer, admits that it offered the reward but denies an allegation in the plaintiff's complaint that in giving information which led to the arrest and conviction of his assailants he acted upon defendant's offer.

This issue of fact, among others tendered by the pleadings, was tried without a jury in Municipal Court of the City of New York, where it was resolved favorably to the defendant and the complaint was dismissed upon the merits. An order of affirmance by the Appellate Term followed. Upon appeal therefrom the Appellate Division reversed, one justice dissenting, and directed judgment for the plaintiff for the relief demanded in the complaint, without stating in its order whether its reversal was upon the law or the facts, or both. In view of the circumstance last mentioned we are required by statute (Civ. Prac. Act, §§ 602, 620) to treat the reversal by the Appellate Division as being upon the law. Accordingly there arises the implication that the Appellate Division has examined the facts as determined

by Municipal Court and affirmed by the Appellate Term, and is satisfied therewith. (*Larkin* v. *New York Tel. Co.*, 220 N. Y. 27, 33; *Gang* v. *Gang*, 253 N. Y. 356, 358.)

We are thus constrained to determine plaintiff's legal right to the reward in suit upon a basis which includes the fact that in giving information which led to the arrest and conviction of his assailants the plaintiff did not act upon the defendant's offer. That fact defeats the plaintiff's legal right to the reward. It eliminates an element which is essential to a contract of the type here involved, as to which it has been said, " * * * there must be mutual assent, or * * * offer and consent to the offer. The motive inducing consent may be immaterial, but the consent is vital. Without that there is no contract." (*Fitch* v. *Snedaker*, 38 N. Y. 248, 251.)

There being some evidence upon which the trier of the facts could find that the plaintiff did not manifest an intention to accept the defendant's offer of an award (See 1 Williston on Contracts [Rev. ed.], § 66, p. 190; *Williams* v. *West Chicago St. R. R. Co.*, 191 Ill. 610, 618, 620); and by reason of the form in which the record comes to us for review, we affirm the judgment of the trial court. (*Karl* v. *State of New York*, 279 N. Y., 555, 559; and see Cohen, " Powers of New York Court of Appeals," § 164, pp. 440, 441.)

The judgment of the Appellate Division should be reversed and the judgments of the Appellate Term and of the Municipal Court affirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, FINCH, CONWAY and DESMOND, JJ., concur; LEHMAN, Ch. J., and RIPPEY, J., taking no part.

Judgment accordingly.