■ GEORGE BRAUN, Respondent, v NORTHEAST STATIONS & SERVICES, INC., Appellant. — Order unanimously modified and, as modified, affirmed, with costs to plaintiff, in accordance with the following memorandum: For reasons stated in the memorandum decision at Special Term (Sedita, J.), we agree that even though plaintiff was an employee of defendant and was a victim of the robbery, nevertheless he was "eligible for the reward" which had been prominently posted by defendant at its place of business (cf. *Reynolds v Eagle Pencil Co.,* 260 App Div 482, revd on other grounds 285 NY 448). We also reject defendant's contention that the reward offer is invalid for indefiniteness and that plaintiff is limited to a recovery based upon *quantum meruit* (see *United Press v New York Press Co.,* 164 NY 406). The posters upon which the reward offer is published prominently display the words "NOTICE $5,000 REWARD" printed in large bold type of three-dimensional appearance. In print less than one eighth the size of those words there appears the following: "A reward of up to $5000 will be paid for information leading to the arrest and conviction of anyone robbing this station or the attendant on duty." Parties purporting to act seriously in the making of an offer will be taken to have intended that the offer have meaning, and the courts will attempt to ascertain the meaning intended and give it effect (*Outlet Embroidery Co. v Derwent Mills,* 254 NY 179; *Cohen & Sons v Lurie Woolen Co.,* 232 NY 112). It was well stated more than a century ago that "a paper like this ought to be construed as the public, to whom it was addressed, would understand it" (*Fargo v Arthur,* 43 How Prac 193, 197). The clear purpose and intention of the notices posted by defendant

were to convey an offer of a $5,000 reward, thus to compensate responsive effort beyond the ordinary value of the services sought to be performed (see 50 NY Jur, Rewards, § 1, p 487). The language in small print should only be read to limit the amount of the reward to a maximum of $5,000 in the event there are multiple claimants to the reward (see, e.g., *Fargo v Arthur, supra;* 50 NY Jur, Rewards, § 8, pp 497-498). In denying both parties' motions for summary judgment without prejudice to renewal, Special Term ordered that a hearing be held on the issue of plaintiff's "intent and motivation." It is well settled, however, that "motive of a person performing the acts required by an offer of a reward is immaterial, but consent to the offer is vital" (50 NY Jur, Rewards, § 4, pp 490-491; see *Reynolds v Eagle Pencil Co.,* 285 NY 448, *supra).* Having knowledge of the reward offer, plaintiff must demonstrate that he acted with the intention of claiming it (50 NY Jur, Rewards, § 6, p 496). The hearing ordered by Special Term should be conducted in accordance herewith. Finally, it appears that Special Term intended to dismiss plaintiff's cause of action for punitive damages but this intention was not imported into the order. Since the complaint alleges no more than a breach of contract, an award of punitive damages would be improper (*Wegman v Dairylea Coop.,* 50 AD2d 108, app dsmd 38 NY2d 918). Plaintiff's second cause of action seeking punitive damages is dismissed. (Appeal from order of Supreme Court, Erie County, Sedita, J. — reward.) Present — Dillon, P. J., Callahan, Denman, Boomer and Moule, JJ.