WILLIAM TOONE, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

*Appeal—when improper for Appellate Division to dismiss complaint.*

Where the Appellate Division explicitly and exclusively reverses a judgment and order appealed from "on questions of fact," such reversal does not properly lead to the dismissal of the complaint but to a new trial.

*Toone* v. *City of New York,* 159 App. Div. 830, modified.

(Argued March 10, 1916; decided April 18, 1916.)

APPEAL from a judgment, entered January 13, 1914, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint. The plaintiff was a driver in the employ of a contractor who supplied the city of New York with horses and drivers for sprinkling carts owned and operated by the city for use on the city streets. The plaintiff reported to the city employees, where he was put to work under the general control and supervision of the defendant's foreman. While so engaged and employed, the plaintiff was injured by a fall due to the breaking of a step on one of the city's carts to which he had been assigned as driver by the defendant's yardman. This action was brought to recover for the damages sustained by reason of such injuries.

*Isaac Lande* and *Edmond E. Wise* for appellant.

*Lamar Hardy,* Corporation Counsel (*Terence Farley* of counsel), for respondent.

*Per Curiam.* This action was one of negligence and the plaintiff recovered a verdict at the Trial Term, upon which judgment was entered in his favor. On appeal from said judgment and the order denying defendant's motion for a new trial the same were reversed "on questions of fact," the findings of the jury that the defendant was negligent and that the plaintiff was free from contributory negligence being reversed, and the complaint was dismissed on the merits.

In support of the judgment rendered by the Appellate Division it is now argued that the plaintiff produced no evidence tending to establish defendant's negligence and that the defendant's motion to dismiss plaintiff's complaint upon that ground should have been granted, and that, therefore, it was proper for the Appellate Division to adjudge that the complaint be dismissed. We do not assert that the Appellate Division might not have taken this view and in accordance therewith have rendered judgment dismissing the complaint, as upon a motion for a nonsuit. We do not decide that question. The trouble with this theory, however, is that the Appellate Division did not adopt it as a justification for the judgment which was rendered. It explicitly and exclusively reversed the judgment and order which were appealed from "on questions of fact," and such reversal did not properly lead to the dismissal of the complaint but to a new trial.

The judgment appealed from, therefore, should be modified by striking out the provision dismissing plaintiff's complaint upon the merits and in place thereof inserting a provision granting a new trial, with costs to abide the event, and so modified the judgment should be affirmed, without costs.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, CUDDEBACK, HOGAN, CARDOZO and POUND, JJ., concur.

Judgment accordingly.