ALBERT S. MOORE, Plaintiff, v. VULCANITE PORTLAND CEMENT COMPANY, Appellant, and LOUIS O. HEDDEN, Respondent, Impleaded with Another.

Appeal — Appellate Division — presumption that its order of reversal is upon the law notwithstanding opinion — costs — action brought for benefit of another — when parties in interest liable for costs.

1. Where the commencement of an action is induced by another for his own purposes it is "brought" by him so as to render him liable for costs under section 3247 of the Code of Civil Procedure.

2. Where an order of the Appellate Division, reversing a final order of the Special Term, contains no statement specifying the grounds of reversal (section 1338 of the Code of Civil Procedure), the presumption that the reversal was on a question of law is conclusive, notwithstanding that the opinion of the Appellate Division which is made part of the judgment roll under section 1237 shows that it was reversed upon a question of fact.

*Moore* v. *Vulcanite Portland Cement Co.*, 160 App. Div. 673, reversed.

(Argued February 9, 1917; decided March 13, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 20, 1914, which reversed an order of Special Term charging the defendants Louis O. Hedden and Northampton Portland Cement Company with costs.

The facts, so far as material, are stated in the opinion.

*Francis J. McLoughlin* and *William Forse Scott* for appellant. Section 3247 of the Code of Civil Procedure should be broadly construed, because it is simply the declaration of a natural principle of justice, long recognized at common law, and not merely an arbitrary regulation. (*Hiscox* v. *Tuck*, 122 App. Div. 116.) The law of section 3247 is unmistakably intended to charge the cost of litigation upon him for whose benefit it is prosecuted, no matter what position he may nominally occupy

in the action nor whether he is named in it at all.  (*Colvard* v. *Oliver*, 7 Wend. 497; *Norton* v. *Rich*, 20 Johns. 475; *Giles* v. *Halbert*, 12 N. Y. 32; *Ward* v. *Roy*, 69 N. Y. 96; *Slauson* v. *Watkins*, 95 N. Y. 369; *Bourdon* v. *Martin*, 84 Hun, 179; *Nelligan* v. *Groth*, 126 App. Div. 444; *Droege* v. *Baxter*, 77 App. Div. 78; *Whitney* v. *Cooper*, 1 Hill, 632.)

*Frederick Hulse* and *Cornelius J. Sullivan* for respondent.  By no fair construction of either clause of the present Code provision (§ 3247) can the defendant, respondent, be made liable under the facts of this case.  (*Thorn* v. *Beard*, 139 N. Y. 482; *Cutler* v. *Reilly*, 31 How. Pr. 472; *Matter of Harwood*, 50 N. Y. S. R. 114; *Kieser* v. *I. C. R. R. Co.*, 6 Fed. Rep. 1; *Goldenberg* v. *Murphy*, 109 U. S. 162; *Van Clief* v. *Van Vechten*, 130 N. Y. 571; *McHarg* v. *Donnelly*, 27 Barb. 100; *Greenwood* v. *Marvin*, 11 N. Y. S. R. 235; *Miller* v. *Franklin*, 20 Wend. 630; *Wolcott* v. *Holcomb*, 31 N. Y. 125.)

ANDREWS, J.  The complaint alleges that the plaintiff and the defendants Hedden and the Northampton Portland Cement Company (the latter through an assignment from one Dunn), as partners, were interested in a contract made with the Vulcanite Portland Cement Company for the purchase of cement, and that the latter violated this contract.  It, therefore, demands damages.  Hedden and the Northampton Company are made defendants because they refuse to join in the action as plaintiffs.

The two defendants mentioned unite in an answer denying the partnership, alleging that the transaction was on the plaintiff's and their joint account, and demanding a judgment in their favor for two-thirds of any amount that the plaintiff might recover in the action.

The litigation finally resulted in the dismissal of the complaint and various judgments for costs in favor of the

Vulcanite Portland Cement Company against the plaintiff. When it was found that these judgments could not be collected a motion was made to charge the same against Hedden and the Northampton Company on the ground that the action was brought by them and that they were beneficially interested therein. (Code Civ. Pro. § 3247.)

Concededly they were so interested. Upon affidavits showing transactions on their part during the pendency of the litigation, and alleged admissions on the part of the said Hedden, all of which would fairly support the inference that the action was so brought, the order was granted. While no findings of fact are contained therein, it must be assumed that the judge at Special Term found them to be as claimed by the moving party. He was fully justified in so doing. The word "brought" as used in the section quoted should be given a liberal interpretation. Where the commencement of an action is induced by another for his own purposes, it is brought by him.

The order so granted was unanimously reversed by the Appellate Division and an appeal was then taken to this court.

Upon an appeal from such a reversal of a final order in a special proceeding section 1338 of the Code is applicable. (Code Civ. Pro. § 1361; *People ex rel. Manh. Ry. Co.* v. *Barker,* 165 N. Y. 305.)

This section provides that upon an appeal to the Court of Appeals from a judgment reversing the determination of a trial court, it must be conclusively presumed that the judgment was not reversed upon a question of fact, unless the particular question or questions of fact upon which the reversal was made are specified and referred to by number or other adequate designation in the body of the judgment appealed from.

No such reference is made in the order here to be reviewed. It is true that under section 1237 of the Code the opinion of the Appellate Division is made part of the

judgment roll.    It is true also that this opinion shows a reversal upon a question of fact.    But there is no statement in the body of the order itself complying with section 1338 above referred to.    The presumption, therefore, that the reversal was on a question of law is conclusive.

This being so the order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs to the appellant in both courts.

HISCOCK, Ch. J., CHASE, COLLIN, CARDOZO and POUND, JJ., concur; MCLAUGHLIN, J., not sitting.

Order reversed, etc.