MARY QUEENEY, Appellant, *v.* GEORGE WILLI, JR., Respondent.

JOHN QUEENEY, Appellant, *v.* GEORGE WILLI, JR., Respondent.

Evidence — distinction between insufficient evidence and unsatisfactory evidence — landlord and tenant — negligence — when evidence of negligence of landlord sufficient to make a case for the jury — order of reversal — finding of negligence disapproved requires new trial (Code Civ. Pro. § 1338).

1. There is a distinction between insufficient evidence and unsatisfactory evidence. The statement that " insufficient evidence is, in the eye of the law, no evidence," merely means insufficient in law, not insufficient to the mind of one trier of fact with whom others may with reason differ. If any legitimate conclusion can reasonably be drawn from the evidence it should not be wholly rejected by the court. The jury should pass upon it and if the trial judge or the Appellate Division is not satisfied with the soundness of the conclusions reached, the verdict should be set aside and a new trial ordered.

2. Actions by tenants against their landlord for negligently failing to protect water pipes under his control from frost whereby the pipes burst and water fell through the ceiling bringing the plaster down with it injuring plaintiff and causing conditions for which damages are sought. Upon the evidence the landlord had sufficient notice of the defective condition of the water pipes to make a case for the jury to pass upon and plaintiff's complaints should not have been dismissed.

3. The bodily injuries sustained by plaintiff in one of the actions as the immediate result of being struck by the falling plaster should not be considered as elements of damage under the complaint wh:ch declares on the injuries resulting from the dampness only. " Substantial justice between the parties " (Code Civ. Pro. § 519) means justice to both parties.

4. The orders of reversal specify that the finding of the jury that the defendant was guilty of negligence is disapproved by the Appellate Division. It thus appears that the judgments were reversed on questions of fact as well as on the law.· A new trial must, therefore, be granted. (Code Civ. Pro. § 1338.)

*Queeney* v. *Willi,* 171 App. Div. 588, reversed.

(Submitted January 10, 1919; decided January 21, 1919.)

APPEAL in each of the above-entitled actions from a judgment entered March 17, 1916, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.. The first action was to recover for personal injuries alleged to have been occasioned plaintiff through the negligence of defendant. The second was to recover for the loss of a wife's services due to such injuries.

The facts, so far as material, are stated in the opinion.

*James B. Mackie* and *Herbert C. Smyth* for appellants. The evidence required a submission to the jury. ( *Kassner* v. *Weintraub,* 130 N. Y. Supp. 229; *Golob* v. *Pasinsky,* 178 N. Y. 458; *Dollard* v. *Roberts,* 130 N. Y. 269; *Levy* v. *Roosevelt,* 131 App. Div. 8; *Pincus* v. *Schlechter,* 167 App. Div. 361; *Frank* v. *Simon,* 109 App. Div. 38; *Rubenstein* v. *Hudson,* 86 N. Y. Supp. 750; *Kassner* v. *Weintraub,* 130 N. Y. Supp. 229; *Abramowitz* v. *Schlessinger,* 152 N. Y. Supp. 337; *Obendorfer* v. *Hart,* 145 N. Y. Supp. 50; *Worthington* v. *Parker,* 11 Daly, 545; *Rauth* v. *Davenport,* 60 Hun, 70; *Fitch* v. *Armour,* 27

J. & S. 413; *Coleman* v. *Central Trust Co. of N. Y.*, 25 Misc. Rep. 295.) There was no variance between the pleading and the proof. (1 Nichols New York Practice, 1035; *Disbrow* v. *Harris*, 122 N. Y. 362; *King* v. *McKellar*, 109 N. Y. 215; *Simpson* v. *Cowan*, 56 Barb. 395; Abb. Brief on Pleadings [1st ed.], § 724; *White* v. *Spencer*, 14 N. Y. 247; *Williams* v. *N. Y. & Q. C. R. Co.*, 97 App. Div. 133; *Becker* v. *N. Y., L. E. & W. R. R. Co.*, 31 N. Y. S. R. 750; *Powell* v. *Cohoes Ry. Co.*, 136 App. Div. 204; *Sallie* v. *N. Y. Railway Co.*, 110 App. Div. 655; *Turner* v. *Nassau Electric Co.*, 41 App. Div. 213; *McCahill* v. *N. Y. Transportation Co.*, 201 N. Y. 221; *Keen* v. *Village of Waterford*, 130 N. Y. 192; *Lyons* v. *Second Ave. Railway Co.*, 89 Hun, 374; *Hurley* v. *N. Y. & Brooklyn Brewing Co.*, 13 App. Div. 167.)

*Stephen P. Anderton, Edward K. Hanlon* and *Alfred W. Meldon* for respondent. There was no notice to the landlord of the supposed defect, that the pipe which burst in its concealed position between the roof and the ceiling was not covered with insulating material. (*Ruppert* v. *Brooklyn Heights R. R. Co.*, 154 N. Y. 90; *Lopez* v. *Campbell*, 163 N. Y. 340; *People* v. *Rozezicz*, 206 N. Y. 249; *Lamb* v. *Union Ry. Co.*, 195 N. Y. 260; *O'Gara* v. *Eisenlohr*, 38 N. Y. 296.) As the landlord had no notice of the supposed defect, which was concealed, the complaint was properly dismissed. (*Cohen* v. *Cotheal*, 156 App. Div. 784; *Kassner* v. *Weintraub*, 130 N. Y. Supp. 229; *Abramowitz* v. *Schlessinger*, 152 N. Y. Supp. 337; *Golob* v. *Pasinsky*, 178 N. Y. 458; *Dollard* v. *Roberts*, 130 N. Y. 269; *Pincus* v. *Schlechter*, 167 App. Div. 361.) The trial court committed reversible error in holding that the plaintiff was entitled to prove that she had been struck and injured by a portion of the ceiling which fell. (*A. B. & B. Co.* v. *Addicts*, 19 Misc. Rep. 36; *Wilkins* v. *Nassau N. D. Co.*, 98 App. Div. 130; *Sheu* v. *Union*

R. Co., 112 App. Div. 239; *Finnegan* v. *Robinson Co.,* 124 App. Div. 117; *Murphy* v. *Milliken,* 84 App. Div. 582.)

POUND, J. The actions are by tenants against the landlord. They allege that the defendant negligently failed to protect water pipes under his control from frost.

Plaintiffs occupied a top floor apartment in a building owned by defendant. Water was supplied from a tank on the roof. The evidence for the plaintiffs is to the effect that from December, 1913, to February, 1914, Queeney, the husband, had noticed that the walls and ceiling of the bedroom were damp. He could get water out of the wall paper by rubbing his hand on it. Notice of this condition was given to the landlord and to the janitor, his agent, some time in January, 1914. At about ten o'clock on the night of February 13, 1914, by reason of the freezing of the water in a vertical pipe between the ceiling of plaintiffs' apartment and the roof of the building, the pipe burst and a large quantity of water fell through the ceiling of the bedroom bringing the plaster down with it. Mrs. Queeney, who was preparing for bed, was struck by the water and plaster. She prematurely gave birth to a child on the same night; her left breast, where she struck the bed, wasted away; she suffered from neurasthenia; caught cold, developed acute bronchitis and tuberculosis. It is said that the circumstances were a competent and producing cause for the conditions.

The pipe which burst was not covered properly to protect it from freezing as pipes in such a position customarily are covered. An expert witness testified that an uncovered pipe, such as this one was, will " sweat " or condense moisture on its outside in cold weather. If it is in a vertical position the moisture will drip into the walls and ceiling, thus giving notice of its condition.

Defendant did not build the house.   He had purchased it three years before the accident and had no actual notice of the potential danger ·from freezing and bursting of exposed pipes.   Plaintiffs recovered verdicts in the trial court on the theory that the dampness of the bedroom was constructive notice of a leak or some other defective condition of the premises.   The learned Appellate Division held that the inference of defect from dampness was too ·remote and dismissed the complaints.

The distinction between insufficient evidence and unsatisfactory evidence must be kept in mind.   It has often been said that " insufficient evidence is, in the eye of the law, no evidence," but that merely means insufficient in law, not insufficient to the mind of one trier of fact with whom others may with reason differ.   If any legitimate conclusion can reasonably be drawn from the evidence it should not be wholly rejected by the court. The jury should pass upon it and if the trial judge or the Appellate Division is not satisfied with the soundness of the conclusions reached, the verdict should be set aside and a new trial ordered.   (Getty v. Williams Silver Co., 221 N. Y. 34, 39.)

The chain of reasoning most favorable. to plaintiffs might legitimately consist of these links: walls are not so damp in cold weather when the structure is free from defect; their condition is not consistent with proper repair or construction; damp ceilings may fall, it is probable that they will fall; a prudent landlord will exert himself to ascertain the cause of the dampness before they fall and do harm to the occupants of the rooms; if the plaintiffs' witnesses are to be believed, a plumber summoned to find the trouble would at once decide that sweating pipes might be, and, by a process of exclusion, were the cause of the dampness.

The damp walls were plain notice of something to be remedied.   The landlord may not sit helplessly by and

say that he cannot see what produces such conditions. He must reasonably bestir himself to discover the cause and correct it. Continued dampness of ceilings may to one observer seem a trifling circumstance and at best no warning of exposed pipes or leaks, while to another the warning would be plain and significant. Courts should not speak too confidently in determining as matter of law what facts may be ignored by prudent people whose duty it is to be reasonably careful for the personal safety of others. We think that plaintiffs' evidence made a case for the jury to pass upon and that their complaints should not have been dismissed.

The orders of reversal specify that the finding of the jury that the defendant was guilty of negligence is disapproved by the Appellate Division. It thus appears that the judgments were reversed on questions of fact as well as on the law. A new trial must, therefore, be granted. (Code Civ. Pro. § 1338.) On the new trial, we are of the opinion that the bodily injuries sustained by Mrs. Queeney as the immediate result of being struck by the falling plaster should not be considered as elements of damage under the complaint as it now reads. The pleading declares on the injuries resulting from the dampness only. " Substantial justice between the parties " (Code Civ. Pro. § 519) means justice to both parties. The result desired may better be obtained by amendment on an orderly application to the court than by amendment under the guise of liberal construction.

The judgments appealed from should be reversed and new trials granted, with costs to abide the event.

HISCOCK, Ch. J., CUDDEBACK, CARDOZO and ANDREWS, JJ., concur; CHASE, J., dissents; McLAUGHLIN, J., not sitting.

Judgments reversed, etc.