JAMES W. KING, Appellant, v. INTERBOROUGH RAPID TRANSIT COMPANY, Respondent.

Negligence — carriers — railroads — carrier bound to exercise reasonable care to prevent violation of rules by passenger — mere promulgation of rules not sufficient — injury to passenger standing at station through being struck by bundle thrown from passing train — railroad bound to show degree of care of its guard in enforcing its rules — negligence question for jury — reversal by Appellate Division of finding that defendant was negligent a reversal upon the facts.

1. An inference of negligence toward a third party may be drawn from disobedience to rules of conduct by a passenger if the carrier is negligent in enforcing such rules. The carrier is bound to exercise reasonable care to prevent the violation of rules for the safety of passengers. It cannot rely upon moral suasion merely.

2. Where in an action to recover for personal injuries it appears that plaintiff, a prospective passenger upon defendant's railroad, while standing on the platform of one of defendant's stations, was struck by a bundle of newspapers thrown from a passing train and injured, it is incumbent upon the defendant to produce the guard in charge on the train and show by him what degree of care he exercised in the discharge of his duty to supervise the bundles of newspapers and the conduct of the carriers thereof, and it is for the jury to determine the question of negligence. A holding by the Appellate Division that the promulgation of rules established sufficient care in the absence of evidence showing habitual disregard thereof cannot be sustained. Defendant was bound to exercise a proper degree of vigilance to guard the plaintiff from unnecessary danger.

3. The Appellate Division, in the body of its order, not only dismissed the complaint but also specifically reversed " the finding of the jury that defendant was negligent." Although the opinion does not discuss the weight of evidence, this must be regarded as a reversal on a question of fact, that is, on the weight of evidence, as well as upon the absence of evidence, within the meaning of Code of Civil Procedure, section 1338 (Civil Practice Act, § 602), and a new trial must be had.

*King* v. *Interborough Rapid Transit Co.*, 197 App. Div. 15, modified.

(Argued April 21, 1922; decided May 2, 1922.)

APPEAL from a judgment entered June 2, 1921, upon an order of the Appellate Division of the Supreme Court

in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

*James A. Beha* and *John J. Cunneen* for appellant. Plaintiff's cause of action is clearly set forth in his complaint, and was clearly established. (*Ayres* v. *D., L. & W. R. R. Co.*, 158 N. Y. 254.) The Appellate Division took an erroneous view of plaintiff's cause of action and erred in its finding of the law. (*Carpenter* v. *B. & A. R. R. Co.*, 97 N. Y. 494.)

*B. H. Ames* and *James L. Quackenbush* for respondent. Actionable negligence on defendant's part was not shown. (*Carpenter* v. *B. & A. R. R. Co.*, 97 N. Y. 499; *Streets* v. *Grand Trunk Ry. Co.*, 76 App. Div. 480; 178 N. Y. 553; *Putnam* v. *B'way & 7th Ave. R. Co.*, 55 N. Y. 108; *Paul* v. *Consol. F. W. Co.*, 212 N. Y. 117; *O'Reilly* v. *B. H. R. R. Co.*, 82 App. Div. 494; *O'Keefe* v. *8th Ave. R. Co.*, 33 App. Div. 329; *Fonda* v. *St. Paul City R. Co.*, 71 Minn. 438; *Merch. Tr. & Storage Co.* v. *Chic., R. I. & P. R. Co.*, 170 Ia. 378; *Louisville R. Co.* v. *Gaugh*, 133 Ky. 467; *Louisville & N. R. Co.* v. *Dyer*, 152 Ky. 364; *Brown* v. *Det. Un. R. Co.*, 179 Mich. 404; *Otto* v. *Mil. N. R. Co.*, 148 Wis. 54; *Va. R. & P. Co.* v. *Godsey*, 117 Va. 167; *Ala. G. S. R. Co.* v. *Clark*, 136 Ala. 450.)

POUND, J. The gist of plaintiff's complaint and proof is that the defendant transported packages of newspapers in charge of carriers on its Third Avenue Elevated railroad for the purpose of distributing them to newsdealers by delivering them on the platforms of its stations; that on October 23, 1919, plaintiff was a prospective passenger on the platform of the Eighteenth street station, having paid his fare, waiting an uptown train, when a bundle of such newspapers was thrown from the front plat-

form of the rear car of a train which passed the station rapidly without stopping; that plaintiff was struck and injured.

As early as August, 1915, the public service commission had approved rules of defendant which regulated the carrying of newspapers with much detail and sufficiently, if obeyed, to prevent carriers or others from throwing bundles of newspapers from moving trains. The danger to bystanders on the station platforms of being struck by such bundles if they were thrown off, particularly from moving trains, must have been a familiar and usual one thus to be foreseen and guarded against. Newspaper carriers were required to wear badges and the trainmen were charged with the duty of indicating where on the car platforms the bundles were to be deposited and thus were charged with special duties of supervision over the carriers.

But an inference of negligence toward a third party may be drawn from disobedience to rules of conduct by a passenger if the carrier is negligent in enforcing such rules. We are not dealing with an isolated act of a casual passenger. If we were, the gist of the action might be *scienter.* (*Carpenter* v. *Boston & A. R. R. Co.,* 97 N. Y. 494.) A custom of carrying many of these packages daily is shown. While it is not shown that infraction of such rules is common, it is shown that trainmen are sedulously instructed never to allow newspapers to be thrown from the platform of a moving car and that no trainman was at his post on the car platform when the train was at or passing the station platform, as the rules of the defendant required. Defendant was bound to exercise reasonable care to prevent the violation of rules intended for the safety of passengers. It could not rely on moral suasion merely.

The Appellate Division has held that the promulgation of the rules established sufficient care in the absence of evidence showing habitual disregard thereof. The law is not so liberal. On plaintiff's *prima facie* case, we think it was

incumbent on the defendant to produce the guard in charge of the rear car and show by him what degree of care he exercised in the discharge of his duty to supervise the bundles of newspapers and the conduct of the carriers thereof. It would then be for the jury to determine the question of negligence. The defendant must have had reason to apprehend danger to passengers from the unregulated carrying of bundles of newspapers, else it would not have made rules so carefully guarding against such danger. If the trouble did not occasionally arise, a rule would not be adopted to meet it is a good sound inference in such case. But rules are not self-enforcing; they serve only to indicate the danger, not to obviate it. To suggest that no further care was needed, implies the existence of a respect for law and a readiness to obey rules made for the safety of others which general experience does not encounter. Defendant was bound to exercise a proper degree of vigilance to guard plaintiff from unnecessary danger. Care in this regard may have prevented other accidents and negligence may have caused plaintiff's accident.

The question was properly submitted to the jury by the trial court. The question was, on plaintiff's theory of the case, whether defendant's guard, in the exercise of reasonable care, would have been at his post of duty and enforcing defendant's rules and whether, if so, he would have permitted the bundle to be thrown from the moving car.

The Appellate Division, in the body of its order, not only dismissed the complaint but also specifically reversed " the finding of the jury that defendant was negligent." Although the opinion does not discuss the weight of evidence, this must be regarded as a reversal on a question of fact, that is, on the weight of evidence, as well as upon the absence of evidence, within the meaning of Code of Civil Procedure, section 1338 (Civil Practice Act, § 602). (*Queeney* v. *Willi*, 225 N. Y. 374, 379;

*Moore* v. *Vulcanite P. Cement Co.*, 220 N. Y. 320, 322.)
It follows that a new trial must be had.

The judgment of the Appellate Division should be modified by granting a new trial and as modified affirmed, with costs to abide the event.

HISCOCK, Ch. J., HOGAN, CARDOZO, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.