HELEN GOODMAN, Respondent, *v.* MAX MARX, Appellant.

**Appeal — Appellate Division — when statement in order that reversal is upon the facts sufficient to indicate reversal upon ground that verdict is contrary to or against weight of evidence.**

A statement in an order of reversal that the reversal is upon the facts as well as upon the law is now sufficient in case of a general verdict to show that the Appellate Division has reviewed the facts and has reversed and granted a new trial upon the ground that the verdict is contrary to or against the weight of evidence, in which case this court has no power of review except, where there is no conflict in the evidence or no question of fact upon which to base a reversal, to determine whether or not a question of fact did arise. (Civ. Pr. Act, §§ 602, 620.)

*Goodman* v. *Marx*, 201 App. Div. 386, appeal dismissed.

(Submitted October 9, 1922; decided October 17, 1922.)

MOTION to dismiss an appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered May 26, 1922, reversing a judgment in favor of plaintiff entered upon a verdict and granting a new trial.

*Joseph A. Seidman* for motion.

*Yorke Allen* opposed.

CRANE, J. Plaintiff sued to recover damages for breach of a contract by which the defendant agreed to convey to her certain real property in the borough of Manhattan, city of New York. The issues in the case were tried before a jury and resulted in a verdict for the defendant. The Appellate Division has reversed the judgment entered upon the verdict, stating in the order that the reversal was upon the law and the facts, and granted a new trial, with costs to abide the event. The defendant has appealed to this court, giving stipulation for judgment absolute as provided for by section 588 of the Civil Practice Act.

The respondent has moved to dismiss the appeal on the ground that the Appellate Division, having reversed upon the facts as well as the law, and there being a question of fact in the case, this court has no power of review under the practice as it has been since section 602 of the Civil Practice Act became effective.

Section 1338 of the Code of Civil Procedure read as follows:

" Upon an appeal to the court of appeals from a judgment, reversing a judgment entered upon the report of a referee, upon the verdict of a jury or a decision, or a determination in the trial court; or from an order granting a new trial, upon such a reversal; it must be conclusively presumed that the judgment was not reversed, or the new trial granted, upon a question of fact, unless the particular question or questions of fact upon which the reversal was made or the new trial was granted are specified and referred to by number or other adequate designation in the body of the judgment or order appealed from."

Under this provision we have repeatedly held that where the Appellate Division reversed and granted a new trial, but failed to state the particular fact or findings of fact which it reversed, we would presume that the reversal was upon questions of law only and that the findings of fact were affirmed. This was so even though the order of the Appellate Division stated that it reversed upon the facts but failed to state the particular finding of fact reversed. (*Larkin* v. *New York Telephone Co.*, 220 N. Y. 27; *Woicianowicz* v. *P. & R. Coal & Iron Co.*, 232 N. Y. 256; *Caldwell* v. *Lucas*, 233 N. Y. 248.)

Section 602 of the Civil Practice Act has now modified this practice as to jury trials, restoring it to what it was prior to the amendment of section 1338 of the Code of Civil Procedure by chapter 361 of the Laws of 1912. Section 602 reads as follows:

" Upon an appeal to the court of appeals from a judgment reversing a judgment entered upon the report of a

referee upon the special verdict, or upon a general verdict with special findings, of a jury or a decision or a determination in the trial court, or from an order granting a new trial upon such a reversal, it must be conclusively presumed that the judgment was not reversed, or the new trial granted, upon a question of fact, unless the particular question or questions of fact upon which the reversal was made or the new trial was granted are specified and referred to by number or other adequate designation in the body of the judgment or order appealed from."

Section 620 directs the following: " The order of the appellate division reversing a judgment or order shall state whether the reversal was made upon the facts or upon the law or upon both the law and the facts, and also whether the decision was unanimous as to an issue or party."

As section 602 does not include the reversal of a judgment entered upon the general verdict of a jury, there is now no conclusive presumption that the reversal was not upon a question of fact unless the particular question of fact upon which the reversal was made is specified in the order. The statement that the reversal is upon the facts as well as upon the law is now sufficient in case of a general verdict to show that the Appellate Division has reviewed the facts and has reversed and granted a new trial upon the ground that the verdict is contrary to or against the weight of evidence.

Where there is no conflict in the evidence or no question of fact upon which to base a reversal, this court would not be prevented from reviewing the case by the recital in the order of the Appellate Division that the reversal was upon the facts. In other words, it would still be for us to determine whether or not a question of fact did arise. Such, however, is not this case.

The motion to dismiss the appeal must, therefore, be granted, with costs and ten dollars costs of motion.

All concur.

Appeal dismissed.