WALTER BINNER, Appellant, *v.* THE GEORGE ETHRIDGE
COMPANY, Respondent.

WALTER BINNER, Appellant, *v.* GEORGE ETHRIDGE, Doing
Business as THE ETHRIDGE COMPANY, Respondent.

*Contract — services — commissions — action to recover on contract for
services — verdict for plaintiff reinstated where Appellate Division
disallowed claim as matter of law and there is some evidence to sustain
it — where Appellate Division dismissed complaint and there is some
evidence to sustain verdict new trial will be granted — question of fact
whether plaintiff's services procured orders.*

Binner v. Ethridge Co. (2 cases), 211 App. Div. 189, modified.
(Argued December 10, 1925; decided December 18, 1925.)

APPEAL, in the first above-entitled action, from a
judgment of the Appellate Division of the Supreme
Court in the first judicial department, entered February
11, 1925, modifying and affirming as modified a judg-
ment in favor of plaintiff entered upon a verdict.

Appeal, in the second above-entitled action, from a
judgment, entered February 11, 1925, upon an order of
the Appellate Division of the Supreme Court in the
first judicial department, reversing a judgment in favor
of plaintiff entered upon a verdict and directing a dis-
missal of the complaint.

*Chester B. McLaughlin, Jr.,* for appellant.
*Leonard G. McAneny* for respondents.

*Per Curiam.* The Appellate Division was right in
considering this a suit to recover commissions earned
and not damages for preventing the plaintiff from per-
forming his contract. He has brought two actions on
the same contract made necessary by the fact that his
employer at first was the corporation known as The
George Ethridge Company which went out of business
on December 9, 1919. The business was continued and
the plaintiff with it by the individual defendant, George
Ethridge, doing business as The Ethridge Company.
The plaintiff remained until August 23, 1920. He claims
commissions for orders procured through his services
both before and after December 9, 1919.

Against the corporation he recovered a judgment of $3,651.21 and against the individual defendant a judgment of $2,962.32. The first was reduced by the Appellate Division to $848.28, and the complaint in the second was dismissed with $595.20 costs against the plaintiff.

There were four accounts involved; that of the P. F. O'Keefe Advertising Agency, Frank Seaman, Inc., George E. Keith Company and Gardiner, Atkinson and Wells, Inc. The Appellate Division allowed the commissions on the last two accounts. As to the business received from the P. F. O'Keefe Advertising Agency and the Frank Seaman, Inc., the Appellate Division was of the opinion that there was no evidence to sustain the plaintiff's claim that he was the procuring cause of any of these orders As to the Seaman account this is so, but as to the O'Keefe account we find evidence from which the jury might have determined that the plaintiff procured some of the orders and that the business from O'Keefe up to December 9, 1919, may have come to the Ethridge Company through the plaintiff's efforts; that he personally secured the orders. The uncontradicted testimony is that the commissions on these O'Keefe orders up to December 9, 1919, amounted to $1,266.10 on which interest amounts to $256.87, making a total of $1,522.97. As the Appellate Division disallowed this O'Keefe claim as matter of law instead of granting a new trial, we must, as there is some evidence to sustain it, reinstate the recovery for these commissions.

The judgment of the Appellate Division is, therefore, modified by allowing the plaintiff this additional sum of $1,522.97, or a total judgment of $2,371.25, and as thus modified affirmed, with costs to appellant.

In the second cause of action the complaint was dismissed. There is some evidence, however, as to the O'Keefe account that the plaintiff may have procured some of the orders after December 9, 1919. The Appellate Division having reversed upon the facts and the law and the dismissal of the complaint being improper a new trial must be granted.

We do not mean to intimate that the plaintiff is entitled to commissions because he was prevented from procuring the O'Keefe orders. He is only entitled to commissions on such orders as were personally secured by him. Because he negotiated with the O'Keefe people, procured their good will and brought them to the defendant does not give him commissions on the entire account simply and solely for this reason. It still remains a question of fact for the jury to determine whether upon the evidence his personal services procured any of the orders and it is only on such orders as came to the defendant by reason of his services and which were procured through his efforts that he is entitled to commissions.

Our conclusion, therefore, is that the judgment of the Appellate Division in the first cause of action, or that against the George Ethridge Company, should be modified by increasing the amount allowed to $2,371.25, and as thus modified affirmed, with costs to appellant, and by modifying the judgment in the second cause of action, or that against George Ethridge doing business as the Ethridge Company, by granting a new trial, and as thus modified affirmed, with costs to appellant to abide event.

HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ., concur; McLAUGHLIN, J., not sitting.

Judgment accordingly.