CLARA GANG, Respondent, *v.* SAMUEL GANG, Defendant, and I. NICK GORDON, Appellant.

(Argued March 17, 1930; decided May 6, 1930.)

*Joshua Chinitz* and *I. Nick Gordon* for appellant. The checks indorsed and delivered by plaintiff to defendant-appellant on account of his fee were not part of alimony funds and plaintiff was free to use it for payment of legal services. (*Mercer* v. *Mercer*, 73 Hun, 192; *Reich* v. *Reich*, 167 N. Y. Supp. 660; *Culley* v. *Badgley*, 196 Mich. 414; *Wolcott* v. *Patterson*, 100 Mich. 227; *Matter of Hess*, 133 App. Div. 654.) Defendant-appellant should not be compelled to return money voluntarily paid in consideration for professional services. (Civ. Prac. Act, § 1169; *Romaine* v. *Chauncey*, 129 N. Y. 566; Schouler on Domestic Relations [6th ed.], par. 1754; *Jordan* v. *Westerman*, 62 Mich, 170; *Baskin & Co., Inc.*, v. *Howe*, 225 App. Div. 553; *Turner* v. *Woolworth*, 221 N. Y. 425; *Matter of Bolles*, 78 App. Div. 180; *Matter of Brackett*, 114 App. Div. 297; 189 N. Y. 502; *Van Vleck* v. *Van Vleck*, 21 App. Div. 272; *Branth* v. *Branth*, 57 Hun, 592; *Naumer* v. *Gray*, 28 App. Div. 529; *Putnam* v. *Tennyson*, 50 Ind. 456.)

*Murray Sanders* and *Alexander Rosenbaum* for respondent. An appeal to the Court of Appeals may not be taken from the order of reversal of the Appellate Division as a matter of right. (Civ. Prac. Act, § 558; *Schell* v. *Mayor*, 128 N. Y. 67; *New York Security & Trust Co.* v. *Saratoga Gas & Elec. Co.*, 156 N. Y. 647; *Cataract Journal Co.* v. *Fuller*, 220 N. Y. 766.) Alimony is intended for the support and maintenance of the wife and children and the courts will not permit its purpose to be diverted to the payment of the husband's unpaid counsel fee awarded by the court. (*Romaine* v. *Chauncey*, 60 Hun, 477; 129 N. Y. 566; *Turner* v. *Woolworth*, 221 N. Y. 425; *Matter of Bolles*, 78 App. Div. 180; *Matter of Dangler*, 192 App. Div. 237.)

*Per Curiam.* Although this proceeding to compel the appellant to refund money received by him from his client is entitled in the action, it is in fact a special proceeding, and the order made at Special Term was a final order, and the order of the Appellate Division modifying that order is appealable to this court as a matter of right. It does not appear from the order of the Appellate Division that the modification was upon a question of fact. In the absence of such a provision in the order of the Appellate Division, this court will assume that the modification was upon an error of law. We apply to final orders the same presumption as to the grounds of a reversal by the Appellate Division that we are expressly commanded to apply where there has been a reversal of a judgment (Civ. Prac. Act, §§ 602, 620; *Matter of Flagler,* 248 N. Y. 415, 420; *Goodman* v. *Marx,* 234 N. Y. 172, 174). This was the practice under the Code (Code Civ. Pro. § 1338; *Moore* v. *Vulcanite Portland Cement Co.,* 220 N. Y. 320; *People ex rel. Manhattan Ry. Co.* v. *Barker,* 165 N. Y. 305; *Matter of Shonts,* 229 N. Y. 374; *Schnibbe* v. *Glenz,* 252 N. Y. 7). We have continued to apply it under the statute now in force.

In the case at hand the facts before the Special Term justified it in making the order which it made. We find no error of law which required modification. The funds in the possession of the plaintiff could be lawfully used to pay her attorney for services rendered by him in the prosecution of the action.

The order of the Appellate Division in so far as it modifies the order of the Special Term should be reversed and the order of the Special Term affirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.