H. P. Humphrey, as Executor of Zarooke Kasparian, Deceased, Respondent, *v.* Commerce Insurance Company of Glens Falls, New York, Appellant, Impleaded with Another.

Argued January 12, 1937; decided March 9, 1937.

*John J. Scully* for appellant.

*H. P. Humphrey* and *Earle J. Wiley* for respondent. As the Appellate Division reversed the judgment of the lower court, entered upon a general verdict, upon the

facts as well as the law, the Court of Appeals has no power to review, and the appeal should be dismissed. (*Goodman* v. *Marx,* 234 N. Y. 172.)

CRANE, Ch. J. The defendant issued a fire policy to H. and Z. Kasparian, husband and wife, in the sum of $2,000 on buildings, and $500 on contents, for the period of three years. In June, 1932, the husband conveyed his interest in the property to his wife, and the company issued an indorsement covering the change.

On August 22, 1932, a cancellation notice, addressed to Herbert H. Kasparian and Z. Kasparian, Wynantskill, New York, was mailed at the Glens Falls post office. This notice was sent registered mail. It was delivered to H. Kasparian, the husband of Z. Kasparian, at their home in Wynantskill by the rural carrier. The registered letter receipts were signed by the husband. In November, 1932, as one Clickner testifies, he delivered to the wife the mortgagee cancellation notice and asked her to have the mortgagee sign the same. Later in the month he returned and secured from her the notice signed by the mortgagee and at the same time gave her, Z. Kasparian, the amount of the return premium on the canceled policy.

Z. Kasparian died December, 1933. The fire which destroyed the premises and contents occurred March 17, 1934.

This action has been brought by the executor of Z. Kasparian's will to recover on the policy, as he claims that it was not canceled by sufficient and proper notice.

The case was tried before a jury, the justice submitting to it two questions to be decided:

(1) " Did the Commerce Insurance Company of Glens Falls, New York, give a five days' written notice of cancellation of the policy in question to Zarooke Kasparian, and pay the *pro rata* amount of the unearned premium or tender payment thereof to her?"

(2) "Did William Voellm, the mortgagee, acknowledge the receipt of the notice of cancellation as to his interest in the policy in question?"

The trial justice did not direct the jury to find or return a general verdict. After the jury had returned an affirmative answer to both of these questions the defendant's counsel made a motion for a verdict in the defendant's favor in the following language: " Upon the report of the jury answering the questions in favor of the defendant, Commerce Insurance Company, I now ask the Court for judgment dismissing the complaint upon the report of the jury.

" The Court: Yes, and the motion is granted."

On appeal from the judgment of dismissal the Appellate Division reversed on both the law and the facts and granted a new trial.

The attempted reversal on the facts, however, fails to comply with section 602 of the Civil Practice Act, which reads: " Upon an appeal to the Court of Appeals from a judgment reversing a judgment entered * * * upon a general verdict with special findings, of a jury * * * it must be conclusively presumed that the judgment was not reversed, or the new trial granted, upon a question of fact, unless the particular question or questions of fact upon which the reversal was made or the new trial was granted are specified and referred to by number or other adequate designation in the body of the judgment or order appealed from."

We have in this case a judgment entered upon a general verdict of dismissal with special findings of a jury. Two questions of fact were submitted to and answered by the jury after which the trial justice directed the dismissal. The Appellate Division should, therefore, have specified in its order or judgment the particular question of fact reversed. This it failed to do, adopting the practice stated in *Goodman* v. *Marx* (234 N. Y. 172) on an appeal from a judgment entered on a general verdict only. We must presume, therefore, that the reversal was on the law only. As there were no errors of law calling for reversal, we are obliged to reverse the order of the Appellate

Division, and affirm the judgment of the trial court, with costs in this court and the Appellate Division.

The order of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur; FINCH, J., taking no part.

Ordered accordingly.