MIRIAM IMBREY, Appellant, *v.* PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent.

Submitted April 25, 1941; decided July 29, 1941.

· *Martin M. Kolbrener, Sydney Cutler* and *Julius Cutler* for appellant. The evidence required a submission of the question to the jury. (*Glen National Bank* v. *Auto Ins. Co.*, 249 App. Div. 327; 276 N. Y. 595; *Kempe* v. *Concourse Realty Corp.*, 237 App. Div. 708; *Webber* v. *Graves*, 234 App. Div. 579; *McKeon* v. *Van Slyck*, 223 N. Y. 392; *McMahon* v. *Harrison*, 6 N. Y. 443; *Matter of Kindberg*, 207 N. Y. 220; *Lee* v. *City Brewing Corp.*, 279 N. Y. 380; *Piwowarski* v. *Cornwell*, 273 N. Y. 226; *Mitchell, Inc.*, v. *Dannemann Hosiery Mills*, 258 N. Y. 22; *Foreman* v. *Foreman*, 251 N. Y. 237; *Commercial Casualty Ins. Co.* v. *Roman*, 269 N. Y. 451; *Lee* v. *City Brewing Corp.*, 279 N. Y. 380; *Sommer* v. *Guardian Life Ins. Co.*, 281 N. Y. 508; *Commercial Casualty Ins. Co.* v. *Roman*, 269 N. Y. 451.)

*Benjamin Paul Goldman* for respondent. The evidence as to the last known address of the insured was so clear, convincing and unrefuted as to present no question of fact for the jury. (*Hull* v. *Littauer*, 162 N. Y. 569.) The uncontradicted testimony of parties, where there is nothing in the circumstances of the case to warrant disbelief, presents no question of fact for the jury but must be deemed conclusive. This also applies where parties to the transaction are deceased. (*Wood* v. *Wise*, 153 App. Div. 223; 208 N. Y. 586.)

CONWAY, J. This is an action by a beneficiary to recover upon a policy of life insurance. The defendant interposed two defenses, only one of which is now material. That defense was that the defendant had duly mailed a timely notice to the last known post office address of the insured advising him of the quarter-annual premium payable on

account of his policy of life insurance on November 22, 1936, and that unless it should be paid. as in the notice specified, the policy and all premiums thereon would become forfeited and void except as to the non-forfeiture provisions contained in the policy.

The plaintiff made out a *prima facie* case by establishing the issuance of the policy, the payment of premiums thereon up to and including the one due on August 22, 1936, the death of the insured on June 9, 1937, and the furnishing of proper proofs of death. . The burden of proving its defense was then upon the defendant. Unless the defense was established by a fair preponderance of the evidence, plaintiff was entitled to judgment in her favor, since a policy of life insurance may not be declared forfeited or lapsed within one year after default in the payment of a premium, in the absence of the mailing of such a notice as is pleaded in the defense. (Insurance Law, former § 92 [Cons. Laws, ch. 28], see now § 151.)

During the trial of the defendant's case, the parties entered into a stipulation, at the suggestion of the court, by which they agreed to submit to the jury two specific questions, without a concession by defendant, however, that there would be a question of fact to be submitted to the jury at the conclusion of the proof. The first question was whether the pleaded notice had been mailed on or about October 30, 1936, addressed to the insured at a specified address and the second, whether that address was the last known post office address in this State of the insured. The parties further stipulated that after the jury had answered those questions, there should be reserved to the court all other questions at issue, including those involved in the other pleaded defense, with power in the court to take further testimony thereon, and then to direct a verdict upon the whole case, as the attorney for the defendant insisted, even " without the presence of the jury."

It was further stipulated and agreed, as a corollary to the foregoing, that it would be unnecessary for the jury to render a general verdict.

When the taking of testimony was concluded, defendant moved for a direction of a verdict as to each of the two questions about to be submitted but not for the direction of a general verdict. Decision upon those motions was reserved. The jury returned answers to the questions and found that timely notice had been duly mailed but not to the last known post office address of the insured. The court then denied defendant's motion for a direction of a verdict as to the second question, the motion as to the first having become academic in view of the jury's answer to it.

The parties then consented and agreed, in view of the answers made by the jury, that the case was closed, notwithstanding the stipulations theretofore made for the further trial by the court without the presence of the jury of other matters reserved by such stipulations, subject to any further motions which the defendant might see fit to make. The jury being present, it was then directed by the court to return a general verdict for the plaintiff. After the rendition of that verdict defendant moved to set it aside and for a new trial and that motion was denied.

Upon appeal, the Appellate Division reversed the judgment entered upon the verdict so directed, upon questions of law and granted judgment in favor of defendant. Thereafter, on its own motion, the Appellate Division reversed the judgment upon questions of law, granted judgment in favor of defendant and reversed the finding of the jury in its special verdict in answer to the second question submitted to it.

Such a reversal must be regarded as upon questions of fact, since it is an appeal to this court from a judgment reversing a judgment entered upon a general verdict, with special findings, of a jury and the Appellate Division has specified in its order the particular question of fact reversed. (Civ. Prac. Act, § 602; *Humphrey* v. *Commerce Ins. Co.*, 273 N. Y. 160, 162; *King* v. *Interborough Rapid Transit Co.*, 233 N. Y. 330, 333; *Queeney* v. *Willi*, 225 N. Y. 374.) In *King* v. *Interborough Rapid Transit Co.* (*supra*) this court said: " The Appellate Division, in the body of its

order, not only dismissed the complaint but also specifically reversed ' the finding of the jury that defendant was negligent.' Although the opinion does not discuss the weight of evidence, this must be regarded as a reversal on a question of fact, that is, on the weight of evidence, as well as upon the absence of evidence, within the meaning of Code of Civil Procedure, section 1338 (Civil Practice Act, § 602). (*Queeney* v. *Willi*, 225 N. Y. 374, 379; *Moore* v. *Vulcanite P. Cement Co.*, 220 N. Y. 320, 322.) It follows that a new trial must be had." In *Queeney* v. *Willi* (*supra*, p. 379) it was said: " The orders of reversal specify that the finding of the jury that the defendant was guilty of negligence is disapproved by the Appellate Division. It thus appears that the judgments were reversed on questions of fact as well as on the law. A new trial must, therefore, be granted. (Code Civ. Proc. § 1338.) "

At the trial the solution of the conflicting claims of the parties depended upon a single conversation on the telephone between a representative of the defendant and the insured. The latter, of course, was dead. The company representative testified that the deceased requested that the address, to which his mail and premium notices should be sent in the future, be changed and that he gave the new address which was to be substituted for the old. The representative further testified that he asked that the proposed change be confirmed in writing; that on the day following he received the premium notice which had previously been forwarded to the insured in connection with the premium due on August 22, 1936, with lines drawn through the address typed thereon and a new one in script, written below it. On that notice there was the figure of a hand pointing toward the name and address of the insured with the legend: " If you want this address changed write the new address on the other side of this card and sign your name." On the reverse side was the following: " NOTICE OF CHANGE OF ADDRESS OF POLICYHOLDER. To the Ordinary Renewal Department. Gentlemen: I hereby notify you of change in the address to which *premium*

*notices and other communications* are to be sent." (Emphasis supplied.) Then followed blank lines for the street and number, city and State, of the policyholder and a line for his signature. Opposite this latter line there was the following: " Note. The insured must sign full name here."

Above the NOTICE OF CHANGE IN ADDRESS was the following:

" NOTICE TO POLICYHOLDERS AS TO POWERS OF AGENTS.— No agent has power on behalf of the Company to make or modify any contract of insurance or waive any provision thereof, to extend the time for paying a premium, to waive any forfeiture, or *to bind the Company by* making any promise, or making or *receiving* any representation or *information*." (Emphasis supplied.)

There was no address written on the reverse side of the notice and there was no signature of the insured on either side.

There was litigated the questions whether any such conversation as that related by the company representative had ever occurred between him and the insured, the content of whatever conversation the jury might find did in fact take place and whether the new address on the notice, below the address which had had lines drawn through it, was in the handwriting of the insured. The jury, as we have noted, found for the plaintiff. It found, in effect, that the defendant had failed to sustain the burden of proving its claim that it had mailed a proper notice to the last known post office address of the insured.

There were clearly questions of fact which the plaintiff was entitled to litigate before a jury as a matter of right. (State Const. art. I, § 2.) This is not a situation where defendant claimed in the Appellate Division that the verdict should be directed *against* the one having the burden of proof but one where the claim was that the verdict should have been directed, as a matter of law, in *favor* of the one having the burden of proof, after a jury had found that that burden had not been sustained.

The court charged the jury without exception, and it is the law of the case, that it was for the jury to say whether it believed " by a fair preponderance of the evidence that Mr. Imbrey manifested — in the sense that he conveyed, by words or by conduct, or by both — a choice or an election, a designation or definition of his last known post office address, in a manner which justified the defendant insurance company, *in the exercise of ordinary prudence and caution*, to accept a particular significance and meaning to his [the insured's] words or conduct or both,  *  *  *.'' (Insertion supplied.)

Under that charge, assuming that. the jury believed the opinion witness that the handwriting was that of the insured and that the conversation occurred as related by the company representative, there still remained the question of fact as to whether the defendant exercised ordinary prudence and caution in considering as sufficient the lining out of an address and the writing of another in its place, without a signature affixed, upon a paper which advised the insured-addressee that if he wished to effect a change of address for the receipt of premium notices, he must follow a designated method and sign his name.

The exercise of ordinary prudence and caution is peculiarly a question of fact.  There may frequently be occasions when a trial court is required to direct a verdict against the one seeking to establish it.  Rarely will a trial court be called upon to direct a verdict as a matter of law because the one seeking to prove such exercise has established it to the point that all contrary inferences are excluded by the proof.  Quite clearly that was not the situation disclosed on this record.  In addition, as stated *supra*, there was no motion for the direction of a general verdict by defendant.

When the plaintiff established a *prima facie* case, as she did, there was presented a question of fact for the determination of a jury.  After such determination it " was for the Appellate Division to review this evidence and to reverse on the evidence if that court thought it insufficient to make

out a case. In view, however, of the plaintiff's *prima facie* case it could not reverse upon the law, that is, reverse because there was no evidence to sustain the claim and dismiss the complaint." (*Caldwell* v. *Lucas*, 233 N. Y. 248, 254.) Since there was a reversal upon the facts, in a case where the plaintiff was entitled to a jury trial as a matter of right (State Const. art. I, § 2), the Appellate Division could not give final judgment *on findings contrary to those of the jury.* Such is a case provided for in the exception in Civil Practice Act, section 584, subdivision 1: " except where it may be *necessary* or proper to grant a new trial or hearing, when it may grant a new trial or hearing." (*Faber* v. *City of New York*, 213 N. Y. 411; *Meisle* v. *N. Y. C. & H. R. R. R. Co.*, 219 N. Y. 317; *Constantino* v. *Watson Contracting Co.*, 219 N. Y. 443, 446; *Gressing* v. *Musical Instrument Sales Co.*, 222 N. Y. 215; *Maguire* v. *Barrett*, 223 N. Y. 49; *Queeney* v. *Willi*, 225 N. Y. 374; *Marks* v. *Cowdin*, 226 N. Y. 138; *Murtha* v. *Ridley*, 232 N. Y. 488; *Binner* v. *Ethridge Co.*, 241 N. Y. 598; *Peoples Trust Co.* v. *Schultz N. & S. G. Co.*, 244 N. Y. 14; *Raolaslovic* v. *N. Y. C. R. R. Co.*, 245 N. Y. 91; *Toone* v. *City of New York*, 218 N. Y. 616; *Stevens* v. *Hulse*, 263 N. Y. 421; Cohen, The Powers of the New York Court of Appeals, pp. 305, 434, 443.)

In *Lamport* v. *Smedley* (213 N. Y. 82, 85) this court said: " In equity cases, before the days of code practice, the appellate court was not constrained upon reversal to order a new trial, but might proceed to render whatever new decree the justice of the case required. (*Schenck* v. *Dart*, 22 N. Y. 420; *Benedict* v. *Arnoux*, 154 N. Y. 715, 725; *Penhallow* v. *Doane*, 3 Dallas, 54, 107; *Wickliffe* v. *Owings*, 17 How. [U. S.] 47; *Cragin* v. *Lovell*, 109 U. S. 194.) The Appellate Division has now been reinvested with that power. Indeed, the power has been extended, for it applies to all actions and proceedings whether equitable or legal, *except where the trial under review has been before a jury.* The limitations upon the power of the appellate court in the latter class of cases we need not now consider." In *Caldwell* v. *Nicolson* (235 N. Y. 209, at p. 212) it was pointed

out: " That a new trial instead of a dismissal follows a decision that the verdict of a jury upon some issues is against the weight of evidence, is so well settled as to require no discussion." Again, we said in *York Mortgage Corp.* v. *Clotar Const. Corp.* (254 N. Y. 128, 134): " The power of the Appellate Division to make new findings of fact and a *final adjudication* thereon is, of course, limited to cases triable by the court and does not extend to cases triable as of right by a jury. (*Middleton* v. *Whitridge*, 213 N. Y. 499, 506.) "

The fact is that plaintiff made out a *prima facie* case and that as to the defense there were questions of fact presented. A jury must pass on them and plaintiff must be permitted to submit her evidence to a jury. It matters not how we think the jury should decide.

The judgments should be reversed and a new trial granted, with costs to abide the event.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and DESMOND, JJ., concur.

Judgments reversed, etc.