NATHAN S. PARSONS, Appellant, *v.* NEW YORK SUBWAYS ADVERTISING Co., INC., Respondent.

First Department, February 21, 1946.

*Irving Barry* for appellant.

*George Trosk* of counsel (*Samuel H. Kaufman* with him on the brief; *Kaufman & Cronan*, attorneys), for respondent.

*Per Curiam.* We think that the verdict of the jury in favor of plaintiff was contrary to the weight of the credible evidence and that the court was warranted in setting the verdict aside. However, the trial court should not have directed a verdict for

the defendant. There was no actual defect of proof in plaintiff's case nor can we say as a matter of law that plaintiff was not entitled to recover. " Where the court, in the *exercise of its discretion,* sets aside a verdict of the jury because the court is of the opinion that in weighing the evidence the jury has not appraised correctly its relative persuasiveness and probative force, a new trial must follow. (*Imbrey* v. *Prudential Insurance Co.,* 286 N. Y. 434.) " (*Blum* v. *Fresh Grown Preserve Corp.,* 292 N. Y. 241, 245, LEHMAN, Ch. J.)

The judgment should be reversed and a new trial ordered, with costs to the plaintiff-appellant to abide the event.

MARTIN, P. J., DORE, COHN, CALLAHAN and PECK, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.