Samuel J. Joseph, J.
This case tried by a court and a jury, was based upon a claim for negligence. The plaintiff wife, Idell Frankenheim, charged that an approximate one-pound metal flap, covering paper towels in a machine maintained by the defendant in one of its rest rooms, became unlocked and loose, opened and fell in an arc on its own hinge some five inches, striking the plaintiff on the bridge of her nose. The accident is alleged to have occurred on October 1, 1949, and on March 14, 1950 a release was executed and delivered by both plaintiffs to the defendant for the sum of $75. It was claimed that there was a mutual mistake of fact as to the release, in that at that time the parties were unaware of the fact that Idell Frankenheim had a cancer caused by the blow or injury to the bridge of her nose. Defendant, at the end of the entire case, moved for the direction of a verdict and a dismissal of the complaint. Decision was reserved.
The case went to the jury on the following issues: negligence, contributory negligence; whether the release was fairly and knowingly made; whether on the 14th day of March, 1950, the date of the release, there was a mutual mistake of fact, in that, on that date, the plaintiff had a cancer; whether the cancerous condition observed on and about May 30, 1950 existed prior to October 1, 1949; whether there was a causal relation between the alleged injury and the cancer that existed on May 30, 1950; whether the cancer that developed in the naso-pharynx was at the exact location where the injury occurred, and finally whether the cancer that developed had had a sufficient time interval after the injury for it to have developed and reach its existent size on May 17 or May 30, 1950.
The husband’s action was for repayment of medical expenses which had been stipulated at $1,900, plus one medical bill and loss of services. The expenses incurred by the husband related solely to the cancerous condition of the wife, and were incurred subsequent to May, 1950.
The jury rendered a verdict in favor of the wife for the sum of $2,500, and for the husband in the sum of $2,000.
The wife was operated on in 1954 and it suffices to say that if there was causal relation between the accident and the can *1081 cer, a verdict in six figures would have been adequate and appropriate. The $2,500 given to the wife was purely a sympathetic verdict to give her something. To have given such sum for the injuries sustained on October 1,1950, although highly excessive, would have been barred by the general release, as a matter of law. If there was no mutual mistake of fact, the release was knowingly and fairly made, as the undisputed evidence disclosed, and as uncontested by the plaintiffs.
On the other hand, the verdict of $2,000 to the husband was for his expenses in connection with the cancer, disbursed long after the accident and long after the discovery of the cancer. Not one dollar was disbursed for, or by reason of the alleged accident. That the verdicts are inconsistent is obvious.
The verdict of the jury therefore compels an examination of the evidence on the issues submitted to the jury in relation to cancer. The jury by its verdict properly disposed of the issue of a mutual mistake of fact. The jury by its verdict properly found there was no cancer had by the plaintiff on the 14th day of March, 1950 caused by the incident of October 1,1949. From the evidence in this case a determination that would have found a cancer to have been caused by the kind of a blow allegedly sustained by the plaintiff, would have been wholly insufficient in point of law to sustain a verdict. This court finds that the testimony in this case is unsupported by sufficient evidence, as a matter of law, to sustain any verdict upon the issue that the cancer occurred at the exact place of injury, that the cancer was the causal result of the alleged injury, and 'that the size of the mass in May, 1950, in relation to its growing propensities, existed only from some time subsequent to October 1, 1949 and prior to March 14, 1950.
It is not intended to appraise the correctness of the jury’s verdict on the weight of the credible and believable evidence. (Imbrey v. Prudential Ins. Co., 286 N. Y. 434.) It has been found that the testimony to support any verdict was insufficient. Insufficient evidence in the eyes of the law is no evidence. (Matter of Case, 214 N. Y. 199, 204, op. Cardozo, J.) In this case a verdict for plaintiff is incredible as a matter of law because no reasonable man could accept it and base an inference upon it. (Blum v. Fresh Grown Preserve Corp., 292 N. Y. 241, 246.)
The motions are granted to set aside and vacate such verdicts, for the reasons afore-stated, and the motion of the defendant to set aside the verdict and dismiss the complaint is granted.