■ HARRY F. KISSNER, Appellant, v. MARGUERITE S. BAXTER, as Executrix of WINFIELD R. BAXTER, Deceased, et al., Respondents.— *Per Curiam.* Appeal by plaintiff in a personal injury negligence action from a judgment of the Supreme Court, entered upon a verdict of no cause of action. A like judgment on a prior trial was, on appeal to this court, reversed and a new trial ordered, for errors in the charge and because the finding of plaintiff's contributory negligence, implicit in the verdict, was contrary to the weight of the evidence. (29 A D 2d 905.) Appellant mistakenly contends that our order determined his freedom from contributory negligence as a matter of law; but although our reversal on the ground that the verdict was against the weight of the evidence required a new trial (*Imbrey* v. *Prudential Ins. Co. of America*, 286 N. Y. 434, mot. for rearg. den. 287 N. Y. 646), we find in this record no substantial evidence of contributory negligence. The Trial Judge's charge to the jury on the second trial was fair, complete and unobjectionable. The evidence in respect of the critical issue of contributory negligence did not differ in any significant respect from that in the prior record, which we found inadequate to sustain the verdict. Judgment reversed, on the law and the facts, and verdict set aside as contrary to the weight of the evidence, and a new trial ordered, with costs to abide the event. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum *Per Curiam.*