■ PETER M. MARKUS, Respondent, v. CITY OF NEW YORK, Defendant-Appellant and Third-Party Plaintiff-Appellant. CORBEAU CONSTRUCTION CORPORATION et al., Third-Party Defendants-Respondents.— Judgment, Supreme Court, New York County, entered February 16, 1972, in favor of the plaintiff against the City of New York and dismissing the complaint against the defendants Corbeau Construction Corporation and Newman Construction Corporation, unanimously modified on the law and the facts and in the exercise of discretion to the extent of remanding the case for a new trial against the City of New York only and otherwise affirmed, with $60 costs and disbursements to abide the event. Plaintiff was driving his motorcycle northbound on the East Drive of Central Park. Near 105th Street the road curved to the left and then to the right in an "S" form. Plaintiff negotiated the first curve but lost control while taking the second curve and sustained serious physical injury. Plaintiff's notice of claim recited two areas of negligence, the presence of an unmarked "S" curve and also the presence of gravel on the roadbed creating a dangerous condition. The gravel allegedly fell from trucks involved in the construction of a skating rink at the northern end of Central Park. As a consequence of the second portion of the claim, the city impleaded as third-party defendants the corporations engaged in this construction project. The plaintiff subsequently served an amended complaint naming these corporations as primary defendants. However, this second claim was dismissed as to all parties at the end of the plaintiff's case. The city at that time moved to dismiss the complaint on the ground that it articulated a claim based solely on the presence of gravel in the roadbed. The proof adduced related only to the "S" curve. The city reasoned that since the proof radically differed from the pleadings, the complaint should be dismissed. This motion was properly denied. The notice of claim, coupled with specific language in the complaint, was sufficient to sustain sending the case to the jury on the basis of failure of the city to post adequate warnings. During the trial, plaintiff's expert testified that there should have been a sign of an "S" with an arrow in a diamond-shaped sign with a number below it delineating the speed limit. Plaintiff testified that there were no signs warning of the curve. On the other hand, several patrolmen and two employees of the Department of Parks testified that there were such signs. The alleged failure on the part of the city to give adequate warnings is a question for the triers of the fact (26 N. Y. Jur., Highways, Streets & Bridges, § 395; cf. *Stuart-Bullock* v. *State of New York*, 38 A D 2d 626). However, upon this trial record we find that it was against the weight of the credible evidence to find in favor of the plaintiff and we accordingly direct a new trial (*Imbrey* v. *Prudential Ins. Co.*, 286 N. Y. 434; *Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241). Concur — Nunez, J. P., Kupferman, Lane, Tilzer and Capozzoli, JJ.